**William D. HURST, Appellant,**

v.

**The UNITED STATES POSTAL SERVICE, Appellee.**

**No. 78–1053.**

United States Court of Appeals, Eighth Circuit.

Submitted June 16, 1978.

Decided Oct. 25, 1978.

As Modified Dec. 6, 1978.

---

1198

David A. Taylor of Taylor & Murphy, Kansas City, Mo., for appellant.

Gregg R. Sackrider, Asst. Regional Labor Counsel, Law Dept., Chicago, Ill., argued, Ronald S. Reed, Jr., U. S. Atty. and Richard H. Zehring, Asst. U. S. Atty., Kansas City, Mo., on brief, for appellee.

Before STEPHENSON, Circuit Judge, INGRAHAM, Senior Circuit Judge,* and HENLEY, Circuit Judge.

INGRAHAM, Senior Circuit Judge.

This case arose out of the discharge of a United States Post Office Department employee, not for the manner in which he handled the mail, but for the content of a letter which he authored. William D. Hurst, a postal clerk at the Kansas City, Missouri, General Post Office, was fired for writing a vulgar, obscene and threatening letter to then President Richard M. Nixon. Almost five years after he had exhausted administrative remedies, Hurst filed suit against the United States Postal Service, for reinstatement, back pay, and punitive

---

* The Honorable Joe M. Ingraham, United States Senior Circuit Judge for the Fifth Circuit, sitting by designation.

damages.[1] The district court granted the Postal Service's motion for summary judgment on the affirmative defense of laches. We hold that the equitable doctrine of laches does not bar this lawsuit and remand for a trial on the merits.

On January 21, 1971, then Postal Inspector J. P. Gianos notified Hurst of proposed adverse action for "conduct unbecoming a postal employee," by his November 28, 1970, letter to the President. On February 10, 1971, Kansas City Postmaster Theodoric C. Bland issued a decision sustaining the charge against Hurst and dismissing him from the Postal Service effective March 5, 1971. On appeal, the St. Louis Regional Director of the Post Office Department affirmed the Postmaster's decision, changing the date of dismissal to June 2, 1971. Hurst's administrative remedies were exhausted with the November 11, 1971, decision of the Post Office Department's Board of Appeals and Review.

Hurst filed suit against the United States Postal Service on October 5, 1976, seeking reinstatement, $25,000 in back pay, and $1,000,000 in punitive damages. Invoking federal question jurisdiction, 28 U.S.C. § 1331 (1976), Hurst alleged that the cause of action arose under the First Amendment of the United States Constitution and 5 U.S.C. § 7501 (1976). Hurst also invoked pendent jurisdiction, alleging a violation of Article 1, § 8 of the Missouri Constitution.

In its answer of December 7, 1976, the United States Postal Service admitted that the cause of Hurst's discharge was his letter to the President but denied any violation of the United States or Missouri Constitutions or the Administrative Procedure Act. The Postal Service alleged laches and lack of jurisdiction as affirmative defenses. Between the time of the decision of the Board of Appeals and Review and the filing of this lawsuit, Hurst's adverse action appeal file was destroyed by the United States Postal Service pursuant to a Post Office Department regulation.[2]

Hurst argued in reply that the affirmative defense of laches should not bar the lawsuit for three reasons: (1) equity should not bar the vindication of First Amendment rights; (2) the Postal Service had withheld essential evidence, reports of the United States Secret Service indicating that Hurst was not a threat to the President; and (3) Hurst was put in apprehension of physical danger by a Secret Service Agent and a Postal Inspector.

On June 10, 1977, the Postal Service filed a motion to dismiss or, alternatively, for summary judgment. The district court granted the Postal Service's motion for summary judgment in an opinion filed on October 25, 1977. Hurst's appeal was duly perfected under Rule 4(a) of the Federal Rules of Appellate Procedure.

■ The sole issue before this court is whether Hurst's cause of action is barred by the equitable doctrine of laches. The two elements of laches are (1) unreasonable delay by the plaintiff in filing suit and (2) undue prejudice to the defendant caused by the delay. *Costello v. United States*, 365

1. The Post Office Department was reorganized in July 1971 as the United States Postal Service. *See* 39 U.S.C. § 201 (1976).

2. Headquarters Records Disposition § 2.27(1)(b) in the Post Office Department's Methods Handbook provided for the destruction of administrative appeals records of individual grievance, employment, or position ranking cases three years after the exhaustion of administrative channels. The three year rule on records destruction was anomalous, because the statute of limitations for a civil action against the United States has been six years. 28 U.S.C. § 2401 (1976). The six year statute of limitations was made applicable to actions against the Postal Service by 39 U.S.C. § 409(b) (1976). At oral argument, counsel for the Postal Service stated that the Postal Service was considering a modification of the time period for retention of administrative appeal records to comport with the statute of limitations.

Although adherence to the Post Office Department's regulation would have resulted in the destruction of Hurst's file in 1974, an affidavit from William E. Henry, Jr., Labor Relations Executive of the United States Postal Service, included in the Joint Appendix, suggests that Hurst's files may not have been destroyed until July 1, 1976. No explanation was offered by the United States Postal Service for noncompliance with its own timetable for record destruction.

U.S. 265, 282, 81 S.Ct. 534, 5 L.Ed.2d 551 (1961).[3] The burden of proof of these elements rests with the Postal Service, since Hurst filed the action within the six year statute of limitations, 28 U.S.C. § 2401 (1976). *See* 30A C.J.S. *Equity* § 131 (1965).

We find it unnecessary to address the reasonableness of Hurst's delay in filing suit, because the Postal Service has failed to prove undue prejudice from the delay. The district court based its finding of undue prejudice to the Postal Service on the destruction of Hurst's adverse action appeal file. However, the Postal Service's destruction of Hurst's administrative record was due to a Post Office Department regulation, not to Hurst's delay. Hurst's administrative appeal put the Postal Service on notice that he did not intend to sleep on his rights.[4] The six year statute of limitations put the Postal Service on notice of the time period within which Hurst could sue. The regulation governing records disposition required destruction of records before the running of the statute of limitations. Since equity follows the law, the Postal Service may not cut short the statute of limitations with such a regulation. *See Royal Air Properties, Inc. v. Smith*, 312 F.2d 210, 214 (9th Cir. 1962). Like the defendant who substantially contributes to a plaintiff's delay in filing suit, *Spiller v. St. Louis & S. F. R. Co.*, 14 F.2d 284, 289 (8th Cir. 1926), one whose prejudice is largely self-imposed may not prevail on the affirmative defense of laches.

Moreover, the Postal Service exaggerates the significance of its destruction of Hurst's adverse action appeal file. Much of the administrative record is available: Hurst's letter to the President; Inspector Gianos' letter of proposed adverse action; Postmaster Bland's decision; and the Board of Appeals and Review's decision.[5]

There is no dispute that Hurst was fired because of his letter to the President. The dispute concerns the propriety of Hurst's discharge. A sufficient administrative record exists for the district court to determine if Hurst's discharge was arbitrary, capricious, or an abuse of discretion in violation of 5 U.S.C. § 706(2)(A) (1976) and in violation of his rights under the First Amendment.[6]

The district court's reliance upon the destruction of Hurst's file in finding undue prejudice was misplaced, not only because of the absence of a causal nexus between Hurst's delay and destruction of his file, but also because of the public interest in vindicating the First Amendment rights of public employees. *See Perry v. Sindermann*, 408 U.S. 593, 597, 92 S.Ct. 2694, 33 L.Ed.2d 570 (1972). In determining whether the Postal Service was unduly prejudiced, the court should have balanced the equities, weighing the difficulties of the Postal Service against the benefits to Hurst and the public. *See Shiffler v. Schlesinger*, 548 F.2d 96, 103 (3d Cir. 1977); *Organizations United for Ecology v. Bell*, 446 F.Supp. 535, 546 (M.D.Pa.1978). The scale is tipped against the Postal Service.

The district court abused its discretion in applying laches to bar Hurst's timely filed cause of action under the statute of limitations. *See Gardner v. Panama R. Co.*, 342 U.S. 29, 30, 72 S.Ct. 12, 96 L.Ed. 31 (1951).

---

**3.** The Postal Service is incorrect in stating that the "lapse of five years alone is sufficient grounds to grant its motion." *See Holmberg v. Armbrecht*, 327 U.S. 392, 397, 66 S.Ct. 582, 90 L.Ed. 743 (1945).

**4.** *United States ex rel. Arant v. Lane*, 249 U.S. 367, 39 S.Ct. 293, 63 L.Ed. 650 (1919), upon which the Postal Service relies, is distinguishable from the instant case in that the discharged government employee neither administratively appealed his dismissal prior to filing suit nor offered any explanation of his delay.

**5.** Copies of these documents were included in the Joint Appendix submitted to this court.

**6.** The district court may, in its discretion, require the administrative officials who participated in the decision to discharge Hurst to give testimony explaining their action. *See Citizens to Preserve Overton Park, Inc. v. Volpe*, 401 U.S. 402, 420, 91 S.Ct. 814, 28 L.Ed.2d 136 (1971). *See also Cooperative Services, Inc. v. United States Housing and Urban Development*, 183 U.S.App.D.C. 344, 347, 562 F.2d 1292, 1295 (1977).

Accordingly, we reverse the judgment of the district court and remand for further proceedings consistent with this opinion. We intimate no opinion as to the ultimate merit of the plaintiff's case.

REVERSED and REMANDED.