PUERTO RICAN–AMERICAN INSURANCE COMPANY and Boricua Motors Corp., Plaintiffs, Appellants,

v.

BENJAMIN SHIPPING COMPANY, LTD., et al., Defendants, Appellees.

No. 86–2029.

United States Court of Appeals, First Circuit.

Argued May 8, 1987.
Decided Sept. 28, 1987.

---

Wilfredo Segarra Miranda with whom Bird & Bird, San Juan, P.R., was on brief, for plaintiffs, appellants.

David C. Indiano with whom Jimenez, Graffam & Lausell, Hato Rey, P.R., was on brief, for defendants, appellees.

Before BREYER and TORRUELLA, Circuit Judges, and CAFFREY,* Senior District Judge.

TORRUELLA, Circuit Judge.

This is an appeal from a dismissal due to the equitable doctrine of laches. On October 26, 1981, the "M/V Abbeyville" went aground on a reef near the island of Culebra, Puerto Rico. Defendant Benjamin Shipping Co., Ltd. ("Benjamin Shipping"), the owners and operators of the vessel, entered into an agreement with defendant West Indies Transport Ltd. ("West Indies") for the salvage towage of the "Abbeyville." In the process of towing the vessel off the reef and then beaching it on Culebra, the cargo became inundated with seawater, seriously damaging a shipment of cars owned by plaintiff Boricua Motors Corp. ("Boricua Motors").

Boricua Motors had contracted with Benjamin Shipping to have the cars transported from Puerto Rico to St. Thomas. On July 1, 1982, Boricua Motors filed a maritime suit within the meaning of Fed.R. Civ.P. 9(h) against Benjamin Shipping alleging that the grounding of the vessel and the resulting damage to the shipment of cars was the direct result of defendant's negligence. On February 6, 1985, plaintiff filed an amended complaint including West Indies as a defendant and the additional claim that water entered the vessel as a result of West Indies' negligent towing operation. West Indies moved to dismiss under Fed.R.Civ.P. 12(b)(6) claiming the amendment was barred by laches, and after a status conference, the motion was granted. Boricua Motors appeals arguing that the district court erred in applying laches and in determining that West Indies was not a joint tortfeasor.

* Of the District of Massachusetts, sitting by desig-

## I. Laches

In admiralty suits, the equitable doctrine of laches determines whether a party's delay in bringing a claim should bar the suit. *See Czaplicki v. The Hoegh Silvercloud,* 351 U.S. 525, 76 S.Ct. 946, 100 L.Ed. 1387 (1956). The application of the doctrine is within the "sound discretion" of the district court. *Azalea Fleet v. Dreyfus Supply & Machinery Corp.,* 782 F.2d 1455, 1458 (8th Cir.1986). *See also, e.g., Minnesota Mining & Manufacturing Co. v. Berwick Industries, Inc.,* 532 F.2d 330, 334 (3d Cir.1976). In order for laches to apply, the district court must examine whether plaintiff's delay in bringing suit was unreasonable and whether defendant was prejudiced by the delay. *Costello v. United States,* 365 U.S. 265, 282, 81 S.Ct. 534, 543, 5 L.Ed.2d 551 (1961). The analogous state statute of limitations merely determines where the burden of proof falls; if a plaintiff files a complaint within the analogous statutory period, the burden of proving unreasonable delay and prejudice falls on the defendant. *Azalea Fleet,* 782 F.2d at 1459. If a plaintiff files after the statutory period has expired, the burden shifts and a presumption of laches is created. *Ramos v. Continental Co.,* 493 F.2d 329, 332 (1st Cir.1974).

The analogous statute of limitations in the instant case is one year for a negligence claim for damages. Article 1868 of the Puerto Rico Civil Code, 31 L.P.R.A. § 5298. The accident occurred on October 26, 1981 but plaintiffs did not file suit against West Indies until February 25, 1985; *i.e.,* three years and four months later. Therefore, a presumption in favor of laches is created since there was more than a two year delay after the analogous limitations period expired.

The only explanation proffered by plaintiffs for their delay in filing is that they had only recently, through discovery, learned of the involvement of the tug company as a joint tortfeasor. Plaintiffs submitted a copy of the transcript of a deposition of one of the crewmembers of the

nation.

"Abbeyville" in support of this assertion. We find, however, that this deposition contains no new information which the plaintiffs had not already been aware of immediately after the accident. PRAICO had its surveyor on the scene two days after the accident and a report was issued. Their attorney took a sworn statement from the captain of the "Abbeyville" three days after the accident. Both the survey report and the statement clearly indicated that the cargo was dry prior to the tow and water only began to enter the cargo bay after the vessel was removed from the reef. The U.S. Coast Guard official report of the grounding concludes, in part, that had the captain of the "Abbeyville" taken soundings of the double bottom tanks or otherwise taken steps to assess the damage prior to towing the vessel off the reef, the forward cargo hold probably would not have flooded. It was inferable then, that the tug either made no inquiry as to the condition of the vessel prior to towing, or if it did and was informed that no damage assessment had been made, it was negligent in going ahead with the tow absent their own inspection. It is clear that plaintiffs were aware of the tug's involvement and possible negligence only days after the grounding and, although discovery might have highlighted this, no new facts were unearthed in this respect. The district court correctly determined that plaintiffs' delay in bringing suit was unreasonable and inexcusable.

■ The second element of laches is prejudice as a result of the delay. Again, the burden is on the plaintiff to prove absence of prejudice since the analogous statutory period had expired. Also, since this was decided on a motion for summary judgment, the district court must have determined that there was "no genuine issue of fact" relevant to whether defendant was prejudiced. We agree there was none. Although we think the issue is a close one, we cannot say the district court abused its discretion in ruling that there was prejudice.

Plaintiff presented no argument below that defendant was not prejudiced, but instead chose to rely on the argument that defendant was a joint tortfeasor and thus the analogous one year statute of limitations was tolled. We address this argument below, *see post*. As proof of its prejudice, defendant presented an affidavit from the director of West Indies stating that the company and agents were never aware of the suit against Benjamin Shipping. The suit was brought in Puerto Rico and West Indies operates out of St. Thomas. The tug company would not, on its own, have concluded that they would be sued, since their negligence, if any, pales in comparison to that of the vessel. Plaintiff merely states that this affidavit is false. However, such a conclusory denial does not give rise to a genuine factual issue. West Indies also claims that since they never received actual or constructive notice of the suit, they made no investigation of the accident. Plaintiffs assert that the Coast Guards' independent investigation report is available to defendant, but of course, this investigation was not undertaken with the tug's interests in mind and would not suffice as a substitute. Furthermore, the defendant no longer has the logs or business records for the year 1981, the captain of the "Abbeyville" is no longer available for deposition, and the defendant was unable to participate in the discovery conducted over the last three years, *inter alia*. Plaintiffs respond that the captain of the "Abbeyville" has not been available for deposition to any of the parties since the original filing of the complaint, so this was not affected by plaintiffs' delay in amending. Although, this is a valid point, plaintiffs did have access to the captain because as defendant notes plaintiffs' attorney did obtain a lengthy sworn statement from him three days after the accident, detailing the events. Plaintiffs also argue that West Indies' inability to have participated in the discovery is not *per se* proof of prejudice. This is true, however, it is inferable that defendant will not be able to conduct discovery as effectively as it could have three years sooner when witnesses were more readily available and their memories fresher. In conclusion, we agree that defendants have proven prejudice due to plain-

tiffs' delay, and plaintiffs have failed to counteract this proof or establish a genuine factual issue.

■ Plaintiffs argue that West Indies is a joint tortfeasor and thus, under the laws of Puerto Rico, the statute of limitations was tolled when plaintiffs filed a complaint against Benjamin Shipping. However, this would merely act to shift the burden of proof on the elements of laches from plaintiff to defendant. *See, e.g., Mecom v. Levingston Shipbuilding Co.*, 622 F.2d 1209, 1215 (5th Cir.1980) (if proved, laches is a complete defense to a maritime action irrespective of whether the analogous statutory period has expired). Thus, even assuming the statute of limitations has been tolled, and the burden of proof has then shifted to defendant, we believe defendant met his burden of proving laches. *See Hurst v. United States Postal Service*, 586 F.2d 1197 (8th Cir.1978) (the burden of proof of laches rests with defendant since plaintiff filed within the analogous statute of limitations). *But cf., Johnson v. Moore-McCormack Lines, Inc.*, 460 F.Supp. 1195, 1196–97 (D.Md.1978). The delay was undoubtedly inexcusable and the prejudice, although a closer question, was established by defendant. Plaintiffs' conclusory denials did not give rise to any genuine factual issue as to whether defendants were prejudiced. So, even if the statutory period had not expired, laches would still bar plaintiffs' claim.

Laches is an equitable doctrine, and, in balancing the equities by weighing the difficulties of West Indies against the benefits to plaintiffs, the scale tips in favor of the former. *See Hurst v. United States Postal Service*, 586 F.2d at 1200. Plaintiffs' claim is still viable against Benjamin Shipping. Thus, this decision does not terminate their opportunity to seek compensation. If plaintiffs had proffered a plausible explanation for their delay, then perhaps the result would have been different in view of the fact that the prejudice to defendant was significant and unrebutted, but not insurmountable. The district court did not abuse its discretion in applying laches to bar plaintiffs' cause of action against defendant West Indies.

■ Last, plaintiffs argue that defendant's motion to dismiss was unfairly converted into a motion for summary judgment without notice thereof or an opportunity to provide evidence. Defendant's motion to dismiss was accompanied by affidavits and other documents, which were considered by the court. Plaintiffs' opposition to the motion, however, was also accompanied by an evidentiary document (a copy of the transcript of the deposition of one of the "Abbeyville" crewmembers). Under Fed.R.Civ.P. 12(b), when matters outside the pleadings are presented to and not excluded by the district court, the court shall treat the motion as one for summary judgment, and must provide ten days notice prior to a hearing according to Fed.R.Civ.P. 56(c). *Hickey v. Arkla Indus., Inc.*, 615 F.2d 239, 240 (5th Cir.1980). However, as in *Condon v. Local 2944, United Steelworkers, etc.*, 683 F.2d 590, 593 (1st Cir. 1982), this case is distinguishable. Here, there was no unfair surprise and plaintiffs had ample opportunity to provide the court with any relevant information outside the pleadings, and in fact, did so. The court did not rule on defendant's motion until a year later, and at plaintiffs' request, a status conference was held to discuss the motion while its disposition was pending. We see no merit in plaintiffs' claim of unfair surprise. The district court properly converted the motion to dismiss to one for summary judgment and considered the pleadings and supporting documents in the light most favorable to plaintiff. Accordingly, we affirm.

*Affirmed.*