Luis **ALDAHONDA–RIVERA,**
Plaintiff, Appellant,

v.

**PARKE DAVIS & COMPANY, et al.,**
Defendants, Appellees.

No. 88–1894.

United States Court of Appeals,
First Circuit.

Heard Feb. 27, 1989.
Decided Aug. 18, 1989.

David Rive–Rivera with whom Vargas & Rive, Hato Rey, P.R., was on brief, for plaintiff, appellant.

Steven W. Phillips with whom Donald R. Ware, Foley, Hoag & Eliot, Boston, Mass., Charles P. Adams and Brown, Newsom & Cordova, Hato Rey, P.R., were on brief, for defendants, appellees.

Before BREYER and TORRUELLA, Circuit Judges, and CAFFREY,* Senior District Judge.

* Of the District of Massachusetts, sitting by desig- nation.

CAFFREY, Senior District Judge.

We are called upon, in this appeal, to address two related issues: whether the District Court properly dismissed the plaintiff-appellant's complaint, and whether, under Puerto Rico law, the plaintiff-appellant's complaint is time-barred. Resolving the first issue requires discussion of the second, and we begin with a brief review of the facts.

## I. *Background*

Julia Mendez, wife of Luis Aldahonda Rivera, the plaintiff-appellant, developed cancer and died in February 1982. At the time of her illness, Mendez worked for Parke Davis Laboratories in Fajardo, Puerto Rico. Approximately five years after her death, while consulting an attorney on another matter, appellant first learned of a possible connection between his wife's illness and her workplace exposure to chemicals, particularly estrogen. Within a year of this consultation, appellant instituted a wrongful death action against Parke Davis & Co., Parke Davis Laboratories' parent company, seeking damages of $1 million for himself, $1 million for each of his two daughters, and $50,000 in lost earnings.

Parke Davis responded by filing a "Motion to Dismiss or in the Alternative Motion for Summary Judgment." This motion presented two arguments: first, that there were no genuine issues of fact and that Parke Davis was entitled to judgment as a matter of law, and second, that the complaint failed to state a claim upon which relief could be granted because it was barred by the applicable statute of limitations. Appellant then filed an "Opposition to Motion to Dismiss" and an amended complaint. The District Court granted Parke Davis' motion to dismiss, with prejudice, against the appellant.[1] With his "Motion to Alter or Amend Judgment" requesting reconsideration of the judge's opinion and order granting dismissal, appellant for the first time filed an affidavit which at-tempted to explain his five-year delay in bringing this action. The District Court denied this post-judgment motion.

## II. *The Issues*

This appeal raises two issues. First, appellant argues that the District Court in effect granted summary judgment for Parke Davis. This action was premature and improper, appellant asserts, because appellant had not yet had the opportunity to conduct discovery and produce evidence on factual matters essential to his claim. Taking up where this argument leaves off, appellant's second argument is that the statute of limitations was tolled until appellant discovered the "author" or cause of his wife's death. Because we find no abuse of discretion in the District Court's actions, we affirm.

### a. *Motion to Dismiss*

While the argument that the District Court treated a motion to dismiss as a motion for summary judgment may, at first, seem little more than a tempest in a teapot, the matter can be of significant consequence. Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure place different burdens on the parties, and the two motions may be appropriate at different stages of the litigation. Although it is well established that a party's choice of label for the motion is not controlling, that the two motions are functionally equivalent in some circumstances, and that a Rule 12(b)(6) motion to dismiss can be transformed by the court into a motion for summary judgment under Rule 56 (and vice versa), C. Wright, A. Miller & M. Kane, 10 *Federal Practice & Procedure* § 2713 (1983); 27 *Federal Procedure, L.Ed.* § 62:471 (1984), this does not mean that the two motions are the same. This much of appellant's argument is correct. Where appellant goes astray, however, is in seeing confusion between the two motions where

---

1. The District Court correctly noted that the statute of limitations defense cannot be asserted against appellant's two daughters: "[T]he one-year limitations period is tolled until they reach the age of majority. Since they are represented by their father, they can litigate this matter now." *Aldahonda Rivera v. Parke Davis & Co.*, No. 87–1533, slip op. at 2 n. 1 (D.P.R. May 26, 1988).

none exists in the District Court's opinion and order.

▮▮▮▮ Whether denominated a motion to dismiss or a summary judgment motion, when a defendant raises an affirmative defense that is obvious on the face of plaintiff's pleadings, and the court makes its ruling based only on those pleadings, the motion is treated as a Rule 12(b)(6) motion to dismiss. *Fudge v. Penthouse International, Ltd.,* 840 F.2d 1012, 1015 (1st Cir.), *cert. denied,* —— U.S. ——, 109 S.Ct. 65, 102 L.Ed.2d 42 (1988). Rule 12(b) requires that the grounds for dismissal must be clear on the face of the pleadings alone.[2] If the court considers matters "outside" the pleadings, this converts the motion to one for summary judgment under Rule 56. *Puerto Rican–American Ins. Co. v. Benjamin Shipping Co.,* 829 F.2d 281, 285 (1st Cir.1987). Rule 56 defines matters outside the pleadings as "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any...." If Parke Davis' motion to dismiss was converted into a motion for summary judgment, appellant argues, the District Court should not have granted it because the Court failed to realize that appellant's amended complaint raised an issue of material fact. This argument rests on appellant's apparent belief that the District Court dismissed entirely on the basis of his *original* complaint. Although Parke Davis filed its motion to dismiss/for summary judgment in response to the original complaint, Judge Laffitte's opinion is replete with explicit references to the amended complaint. *See Aldahonda Rivera v.*

*Parke Davis & Co.,* No. 87–1533, slip op. at 2, 3, 4 (D.P.R. May 26, 1988). On the face of the amended complaint, therefore, the Court found that dismissal was required. The amended complaint did not raise a material issue of fact that converted the motion into one for summary judgment, as appellant argues, nor did the amended complaint cure the facial deficiencies of the original pleadings, as we explain below.

### b. *The Statute of Limitations*

On the face of appellant's original complaint it is clear that the cause of action is barred by the applicable statute of limitations.[3] Appellant's argument that the limitations period was tolled for five years while he allegedly could not discover the possible link between his wife's exposure to estrogen at Parke Davis Laboratories and the cancer that caused her death, is not supported by any specific facts pleaded in the complaint. The original complaint merely asserts: "It was not until less than a year before today that the plaintiffs discovered who was the author, and what was the real cause of the death of Julia Mendez for whose death this suit is brought." After Parke Davis filed its motion to dismiss, the District Court permitted appellant to file an amended complaint. The amended complaint was virtually identical to the original complaint except for the addition of a new paragraph nine, which listed Parke Davis' officers and directors by name, and an expanded paragraph ten. Paragraph ten contained the following additional sentences:

**2.** Rule 12(b) provides that:

Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: (1) lack of jurisdiction over the subject matter, (2) lack of jurisdiction over the person, (3) improper venue, (4) insufficiency of process, (5) insufficiency of service of process, (6) failure to state a claim upon which relief can be granted, (7) failure to join a party under Rule 19.... If, on a motion asserting the defense numbered (6) to dismiss for failure of the

pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

**3.** Title 31 of the Laws of Puerto Rico Annotated, § 5298, provides that:

The following prescribe in one year: ... Actions to demand civil liability for grave insults of calumny, and for obligations arising from fault or negligence ... from the time the aggrieved person had knowledge thereof.

It was impossible for [plaintiff] to discover the author, and the real cause of death of Julia Mendez within the statutory period of limitations. Julia Mendez was not a party to a Worker's Compensation proceeding. In addition, there are no public records in Puerto Rico which could have shed any light as to who was involved in the cause of Julia Mendez's illness and death. Consequently, Luis Aldahonda could not discover the cause of his wife's death by any diligent search within the normal one-year period of limitations.

The District Court reviewed Puerto Rico's statute of limitations and the burden it places on the plaintiff who "commences an action more than a year after the injury occurred ... to show that he lacked the requisite 'knowledge' of the relevant facts or that the limitations period was tolled." *Aldahonda Rivera v. Parke Davis & Co.,* slip op. at 3, and cases cited therein. After carefully considering appellant's complaint and his amended complaint, the District Court concluded:

> We find that plaintiff Luis Aldahonda has failed to meet his burden ... Aldahonda clearly knew of his wife's death in 1982, but no explanation is offered for the five year delay in filing legal proceedings. No specific facts are alleged in the amended complaint as to how he learned of the "injury["] and "the person who caused it."

*Id.* The District Court further noted that:

> Conclusory statements by Aldahonda Rivera that he filed a timely claim without a statement of specific facts as to his discovery of the cause of his wife's death is insufficient. A plaintiff cannot rest on ignorance caused by his own lack of diligence as a justification for his failure to comply with the prescriptive period unless fraud was involved to deprive the interested party of knowledge.

*Id.* (citations omitted). Echoing the U.S. Supreme Court's language in *United States v. Kubrick,* 444 U.S. 111, 123–24, 100 S.Ct. 352, 360, 62 L.Ed.2d 259 (1979), concerning the limitations period established by the Federal Tort Claims Act,

Judge Laffitte correctly summarized the law: "Plaintiff knew of his wife's death for five years. He had the responsibility of seeking the cause of her death by examining the medical or hospital records of the decedent or seeking advice from the medical and/or legal profession." Slip op. at 4.

 Reading appellant's pleadings in the most favorable light possible, the only logical conclusion that can be drawn is that appellant filed his complaint four years too late only because it took him that long to consult an attorney. Appellant's arguments that the statute of limitations should be tolled because he had no reason to suspect negligence by Parke Davis, and did not know he could circumvent the workers' compensation statute by suing the parent company, have not been considered sufficient to toll the Puerto Rico statute of limitations. *See, e.g., Hodge v. Parke Davis & Co.,* 833 F.2d 6, 8–9 (1st Cir.1987) (in this factually similar case, the court noted: "Although Puerto Rican law requires knowledge of the 'author' or 'person who caused' the injury, it does not suggest that ... a plaintiff must know the exact name of the tortfeasor or the precise intracorporate relationships that determine the name of the appropriate defendant. Indeed, such a fact about corporate relationships, normally a matter of public record, is rarely the kind of fact that would prevent the limitations statute from beginning to run...."); *Galarza v. Zagury,* 739 F.2d 20, 23 (1st Cir.1984) (in this medical malpractice action, the court recounted plaintiff's diligent and repeated efforts, including consulting several doctors, to determine the cause of her injury); *Kaiser v. Armstrong World Indus., Inc.,* 678 F.Supp. 29, 32 (D.P.R.1987) (The court found plaintiff's complaint time-barred because he knew of his asbestos-related condition and its cause three to four years before filing suit; "the exact name of the tortfeasor(s) being immaterial."), *aff'd,* 872 F.2d 512 (1st Cir.1989); *Ramirez Pomales v. Becton Dickinson & Co.,* 649 F.Supp. 913, 921 (D.P.R.1986) (the court explained that the limitations period remains frozen while plaintiffs' administrative claims are pending), *aff'd,* 839 F.2d 1 (1st Cir.1988);

**594**

*de la Cruz LaChapel v. Chevere Ortiz,* 637 F.Supp. 43, 44 (D.P.R.1986) (in this 42 U.S.C. § 1983 action, plaintiff "knew or should have known of her son's death on November 22, 1983"; the court found that the action, brought on November 26, 1984, was time-barred). Our review of the case law has unearthed no decision tolling the statute of limitations in circumstances similar to those pleaded by appellant. As the holdings above demonstrate, the limitations period will be suspended only upon a clear showing of diligent efforts to discover the cause of the injury or death, or when administrative remedies must first be exhausted. Neither situation is analogous to the case at bar. Like the plaintiff in *de la Cruz LaChapel v. Chevere Ortiz, supra,* appellant knew of the exact date of his wife's death. The District Court dismissed de la Cruz's complaint because it was filed just a matter of days after the end of the one-year period. Judge Laffitte's dismissal after five years had elapsed in this case is thus in harmony with these decisions.

#### c. The Affidavit

One final matter remains. Appellant's final argument appears to be that his affidavit, filed *after* the District Court granted Parke Davis' motion to dismiss, somehow converted that motion into a summary judgment motion. We have two responses. First, the affidavit was filed too late to convert the motion into a summary judgment motion, since the District Court could not possibly have considered it when granting the motion to dismiss, and second, "an affidavit filed by the plaintiff which merely reiterates the claim stated in the complaint in general and conclusory language does not convert an FRCP 12(b)(6) motion to one for summary judgment." 27 *Federal Procedure* § 62:474 at 587 (1984) (citation omitted). Appellant's affidavit consists of conclusory statements to the effect that "we had no knowledge, nor did we have any [way] of discovering" the cause of decedent's cancer; "no one in-

formed us of this situation"; "my wife's illness and her decease was never investigated ... by the State Insurance Fund." As the District Court correctly observed, "[c]onclusory statements by Aldahonda Rivera that he has filed a timely claim without a statement of specific facts as to his discovery of the cause of his wife's death is insufficient." Slip op. at 4.

#### III. Conclusion

The District Court acted properly in finding appellant's cause of action for his wife's death barred by the Puerto Rico statute of limitations and granting Parke Davis' motion to dismiss. Neither appellant's affidavit, filed with his motion for reconsideration, nor his amended complaint raised any material issue of fact or matter outside the pleadings that converted this motion into one for summary judgment. When considering Parke Davis' Rule 12(b)(6) motion, the District Court was required to

> accept the well-pleaded factual averments of the ... complaint as true, and construe these facts in the light most flattering to the plaintiffs' cause ... exempt[ing], of course, those "facts" which have since been conclusively contradicted by plaintiffs' concessions or otherwise, and likewise eschew[ing] any reliance on bald assertions, unsupportable conclusions, and "opprobrious epithets."

*Chongris v. Board of Appeals,* 811 F.2d 36, 37 (1st Cir.), *cert. denied,* 483 U.S. 1021, 107 S.Ct. 3266, 97 L.Ed.2d 765 (1987) (citations omitted). This the District Court did, without missing a step. The ruling below is

*Affirmed.*