Randolh-Rand v. Shafmaster Co., et al CV-97-044-M    01/13/98

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Randolph-Rand Corporation
of New York,
        Plaintiff

        v.                                      Civil No. C-97-44-M

Shafmaster Co., Inc.,
Leather Loft Stores, Inc.,
and Import Holdings Corp.,
        Defendants



**O R D E R**


        Randolph-Rand Corporation of New York ("RRC") seeks monetary damages from and injunctive relief against defendants for their alleged infringement of United States Patent No. 4,453,294 (the "'294 patent"), which describes a magnetic lock closure mechanism.  RRC claims that defendants have manufactured, used, and/or sold magnetic lock closures on certain women's handbags which are indistinguishable from the invention taught by the '294 patent.


        Defendants have moved to dismiss count one of RRC's complaint, claiming that RRC lacks standing to bring the suit and has failed to join an indispensable party.  See Fed. R. Civ. P. 12(b)(6) and (7).  They say that RRC lacks the legal authority to enforce the '294 patent and, because it has not joined the patent's owner in this action, its infringement claim should be

dismissed. They also claim that Shafmaster and Import Holdings are improper parties to this action. RRC objects.

## Standard of Review

A motion to dismiss under Fed. R. Civ. P. 12(b)(6) is one of limited inquiry, focusing not on "whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974). In considering a motion to dismiss, "the material facts alleged in the complaint are to be construed in the light most favorable to the plaintiff and taken as admitted, with dismissal to be ordered only if the plaintiff is not entitled to relief under any set of facts he could prove." Chasan v. Village District of Eastman, 572 F.Supp. 578, 579 (D.N.H. 1983), aff'd without opinion, 745 F.2d 43 (1st Cir. 1984) (citations omitted).

## Discussion

Although defendants' motion is captioned as a motion to dismiss, both parties have submitted and relied upon materials outside the pleadings. Arguably, the court might simply convert defendants' motion into one for summary judgment, without affording the parties any further opportunity to supplement their submissions. See, e.g., Puerto Rican-American Ins. Co. v. Benjamin Shipping Co., 829 F.2d 281, 285 (1st Cir. 1987) (when there is "no unfair surprise and plaintiffs [had] ample

2

opportunity to provide the court with any relevant information outside the pleadings," the court may properly convert the motion to one for summary judgment without notice to the parties).

However, the better practice certainly seems to be one in which the parties are afforded notice and opportunity to submit any materials relevant under Rule 56.  See EEOC v. Green 76 F.3d 19, 24 (1st Cir. 1996).  Moreover, even though RRC has implicitly treated defendants' motion as one for summary judgment (by itself submitting materials outside the pleadings), it has specifically requested additional time to respond if the court should convert defendants' motion to one for summary judgment.  See Plaintiff's Memorandum in Opposition to Motion to Dismiss, at 1 n.1. Accordingly, considerations of equity and fairness counsel in favor of treating defendants' motion as one to dismiss and, therefore, not considering any materials outside the pleadings.

Having determined that it will not consider materials outside the pleadings, the court is constrained to deny defendants' motion to dismiss.  The allegations set forth in the complaint, if credited as true, support the conclusion that: (1) RRC holds the exclusive rights to use, enforce, and sell the '294 patent; and (2) one or more of the defendants has unlawfully infringed those rights.  Accordingly, RRC has alleged sufficient facts to support a finding that it has standing to assert its claims against defendants.

## Conclusion

In light of the foregoing, defendants' motions to dismiss (document nos. 6 and 7) are denied.

Although the court has not relied upon them in ruling upon the pending motions, the materials outside the pleadings submitted by the parties suggest that RRC may not be able to survive a motion for summary judgment on the issue of standing. Absent additional rights in the '294 patent <u>beyond</u> those conferred by the January 26, 1994, agreement between Amsco and RRC, RRC may lack standing to assert patent claims against defendants. <u>See generally</u> <u>Ortho Pharmaceutical Corp. v. Genetics Institute, Inc.</u>, 52 F.3d 1026 (Fed. Cir. 1995); <u>see also</u> D.S. Chisum, 8 <u>Chisum on Patents</u>, § 21.03[2][e] ("Standing to sue for infringement has traditionally been confined to those with an ownership interest in the patent at the time of the infringement. Hence, a contract that purports to convey the right to sue without also conveying such an ownership interest will be ineffective to confer standing"). Accordingly, in responding to any future motion for summary judgment on the issue of standing, RRC should carefully and thoroughly support (both factually and legally) its claimed right to bring this patent infringement action in its own name. Alternatively, it should move to amend its complaint and join as plaintiffs whatever additional parties are necessary or appropriate.

4

**SO ORDERED.**

 

 

_____
Steven J. McAuliffe
United States District Judge

January 13, 1998

cc:  Michael J. Bujold, Esq.
     Jeffery A. Schwab, Esq.
     James E. Higgins, Esq.
     Norman H. Zivin, Esq.