TAG/ICIB SERVICES, INC. Plaintiff

v.

CONSTRUCTORA CELTA, INC. Defendant

No. CIV.02–2194 SEC/GAG.

United States District Court, D. Puerto Rico.

July 13, 2004.

Carlos D. Fernández Lozada, Esq., Enrique Peral, Esq., Muñoz, Boneta, Benítez, Peral & Brugueras, San Juan, PR, for Plaintiff.

Stuart A. Weinstein–Bacal, Esq., Weinsten–Bacal & Associates, San Juan, PR, for Defendant.

## OPINION AND ORDER

GELPI, United States Magistrate Judge.

This is an action in admiralty brought by the plaintiff TAG/ICIB Services Inc. ("TAG") as agent for Crowley American Transport ("Crowley") against Constructora Celta, Inc. ("Celta") for collection of freight and demurrage charges, pursuant to 28 U.S.C. § 1333 and Fed.R.Civ. P. 9(h). TAG alleges that Crowley is entitled to collect the amount of $18,935.00 for freight charges, $20,446.51 for demurrage charges and $13,783.53 in fees corresponding to a "Collection Expense Fee."

The plaintiff has requested this Court to order Celta to pay TAG the total amount of $53, 165.54. The issue before this Court is whether the plaintiff, TAG, is entitled to a summary judgment as a matter of law.

### I. *Factual Background*

TAG is corporation organized under the laws of the State of Delaware, with offices in San Juan, Puerto Rico. TAG serves as an agent for Crowley for the billing and collection of ocean freight and demurrage. Crowley is an ocean carrier engaged in the transportation of goods by sea, and operates subject to the applicable freight and demurrage tariffs. Pursuant to the applicable tariffs, Crowley is obligated to collect all freight and demurrage charges due and owed pursuant to the tariffs on file. Celta is a corporation organized under the laws of the Commonwealth of Puerto Rico. (*See* Docket 31 at p. 2).

From 2000 to 2001, Crowley rendered services to Celta for the transportation of goods between various points of origin and Puerto Rico. Celta utilized Crowley's services and facilities for transportation of its cargo in ships and containers owned by Crowley. Upon arrival of the goods to Puerto Rico, the defendant had a period of time ("free-time period") in which it could retain the containers free of charge. Crowley has transported the goods at the request of Celta and billed the defendant according to the applicable freight tariffs at the time the goods were transported. (*See* plaintiff's Exhibit 1). Pursuant to these tariffs, Celta is required to pay the freight charges incurred by it in connection with the transportation of goods by Crowley. The applicable tariffs at the time the goods were transported indicate

the defendant had a certain period of days to unload the containers and return them to Crowley. If the containers were returned past the aforesaid free-time period, a demurrage fee was charged for each day. On multiple occasions, the defendant returned the containers past the free-time period. In compliance with the applicable regulations and tariffs, TAG, Crowley's agent, has billed the defendant for the demurrage charges. Celta has not paid said invoices, and TAG alleges that Celta is liable in the amount of $18, 935.00 for freight charges and $20, 446.51 for demurrage charges. (See plaintiff's Exhibit 3–22). TAG also alleges that Celta is liable for the "Collection Expenses Fee" of 35% which is $13,783.53 of the total amount due pursuant to the applicable tariffs. (See plaintiff's Exhibit 1). Celta has not made any effort to settle its obligations to Crowley. Liberty Bond Services ("Liberty"), defendant's alleged surety, has never contacted Crowley or attempted to settle its debt.

## II. *Summary Judgment Standard*

Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact that the moving party is entitled to a judgement as a matter of law." Fed. R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The nonmoving party must then "set forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e). When deciding a motion for summary judgment, the Court must view the record in the light most favorable to the party opposing summary judgment, including all reasonable inferences in the nonmoving party's favor. *See id.* "If after canvassing the material presented, the district court finds some genu-

ine factual issue remains in the case, whose resolution one way or the other could affect its outcome, the court must deny the motion on." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

Even though courts should give the party opposing the motion the benefit of indulging all reasonable inferences in that party's favor, the non-movant must present definite, competent evidence to rebut the motion. *See Anderson v. Liberty Lobby Inc.,* 477 U.S. at 248, 106 S.Ct. 2505. The nonmoving party may not rely on conclusory allegations, improbable inferences and unsupported speculations. *Rathbun v. Autozone, Inc.,* 361 F.3d 62, 66 (1st. Cir.2004). In this case, the material facts are undisputed, thus, the court must determine, based on the facts presented, whether TAG is entitled to summary judgment.

## III. *Legal Analysis*

A. TAG has the right to collect freight charges at the full rate specified in the published tariffs by Crowley.

■ The First Circuit has held that maritime carriers have an implicit private cause of action to recover freight and demurrage charges under the Shipping Act of 1916, 46 U.S.C. § 801 *et seq.* and the Intercoastal Shipping Act, 46 U.S.C. § 843. *See Maritime Serv. Corp. v. Sweet Brokerage De Puerto Rico,* 537 F.2d 560, 562 (1st Cir.1976). This implicit private cause of action has been extended to recover freight and demurrage charges for containers. *Gulf Puerto Rico Lines, Inc. v. Assoc. Food Co. Inc.,* 366 F.Supp. 631, 636 (D.P.R.1973). Plaintiff has the right to collect freight charges at the full rate specified in the published tariffs filed by Crowley. Ocean carriers are required to collect the full rates specified in the applicable tariffs. *Puerto Rico Marine Mgmt. v.*

*Molac Imports,* 594 F.Supp. 648, 651 (D.P.R.1984).

■ The defendant has admitted in its answer to the complaint that under the terms of the applicable tariffs, Celta is required to pay freight charges incurred by it in connection with transportation of goods by Crowley and the use of its cargo containers. (*See* Docket 22 at p. 8). Crowley has transported the goods at the request of Celta and charged the defendant the charges pursuant to the applicable freight tariffs. Celta is required to pay the freight charges incurred by it in connection with transportation of goods by Crowley. (*See* plaintiff's Exhibit 1, 3–7). Celta, thus, owes Crowley $18, 935.00 for ocean freight charges.[1]

**B. Celta has retained containers of Crowley beyond the free-time period.**

Demurrage charges are "charges to be assessed to shippers or consignees who detain the carrier's freight containers beyond an allowable free time." *Maritime Serv. Corp.,* 537 F.2d at 561. Demurrage charges have been characterized as an "extension of ocean freight charges." *Trailer*

*Marine Transp. Corp. v. Dolphin Forwarding,* 758 F.Supp. 796, 799 (D.P.R. 1991). TAG has the right to collect demurrage charges at the full rate specified in the published tariffs filed by Crowley. Ocean carriers are required to collect the full rates specified in the applicable tariffs. *See Puerto Rico Marine Mgmt.,* 594 F.Supp. at 651.

■ Celta was allowed free of charge to load or unload containers at places of origin and destination. The applicable demurrage and destination tariff varies according to the published rates established by Crowley and specified in each invoice. (*See* plaintiff's Exhibits 1, 8–22). After expiration of the applicable free-time period, Celta was required to pay demurrage charges in the amount of $20, 446.51 for each day the containers were retained beyond said periods. Celta retained on multiple occasions Crowley's containers beyond the free-time period and has not paid the applicable demurrage charges. Therefore, the defendant incurred in demurrage and detention charges and owes TAG as agent of Crowley the amount of $20, 446.51.[2] (*See* Docket 22 at p. 9).

---

1. The following are the containers for which defendant incurred **freight charges**:
   -**Containers CCTZ 307120, CMCZ 300786, CMCZ 301213, RTMZ 301324, TMTZ 306371** and **TMTZ 306375** for a total of $10, 110.00. (See Exhibit 4).
   -**Containers CMCZ 300765, RMTZ 301326** and **TMTZ 306342** for a total of $5,055.00. (See Exhibit 5).
   -**Container CMCZ 301327** for a total of $2, 085.00. (See Exhibit 6).
   -**Containers RTMZ 301350** and **TMTZ 306382** for a total of $3,370.00. (See Exhibit 7).

2. The following are the containers for which defendant incurred demurrage charges:
   -**Containers D/R NJ67022, D/R NJ67023, D/R NJ67043, D/R ARF129449,** and **D/R NMVA22100**–The Defendant incurred in sixty-nine (69) days of demurrage, twenty-

five(25) days @ $5.63 and fifty-four (54) days @ $8.44 for a total of $596.51. (*See* Exhibit 8).
   -**Container CMCZ 300795**–The Defendant incurred in nine (9) days of demurrage, five (5) days @ $25.00 and four (4) days @ $50.00 for a total of $325.00. (*See* Exhibit 9).
   -**Container CMCZ 301291**–The Defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 10).
   -**Container RTMZ 301396**–The Defendant incurred in seven (7) days of demurrage, five (5) days @ $25.00 and two (2) days @ $50.00 for a total of $225.00. (*See* Exhibit 11).
   -**Container TMTZ 306332**–The Defendant incurred in six (6) days of demurrage, five (5) days @ $25.00 and one (1) day @ $50.00 for a total of $175.00. (*See* Exhibit 11).
   -**Container TMTZ 301131**–The Defendant incurred in six (6) days of demurrage, five (5)

days @ $25.00 and one (1) day @ $50.00 for a total of $175.00. (*See* Exhibit 11).

-**Container TMTZ 300803**–The defendant incurred in six days of demurrage, five (5) days @ $25.00 and one (1) day @ $50.00 for a total of $175.00. (*See* Exhibit 12).

-**Container 306347**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 12).

-**Container TMTZ 306340**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 12).

-**Container TMTZ 306396**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 12).

-**Container RTMZ 301309**–The defendant incurred in fourteen (14) days of demurrage, five (5) days @ $25.00 and nine (9) days @ $50.00 for a total of $575.00. (*See* Exhibit 12).

-**Container CMCZ 300800**–The defendant incurred in fourteen (14) days of demurrage, five (5) days @ $25.00 and nine (9) days @ $50.00 for a total of $575.00. (*See* Exhibit 12).

-**Container CMCZ 300795**–The defendant incurred in eleven (11) days of demurrage, five (5) days @ $25.00 and six (6) days @ $50.00 for a total of $425.00. (*See* Exhibit 12).

-**Container TMTZ 306398**–The defendant incurred in three (3) days of demurrage @ $25.00 for a total of $75.00. (*See* Exhibit 12).

-**Container TMTZ 306381**–The defendant incurred in seventeen (17) days of demurrage, five (5) days @ $25.00 and twelve (12) days @ $50.00 for a total of $725.00. (*See* Exhibit 13).

-**Container RTMZ 301332**–The defendant incurred in three (3) days of demurrage @ $25.00 for a total of $75.00. (*See* Exhibit 13).

-**Container RTMZ 301382**–The defendant incurred in fifteen (15) days of demurrage, five (5) days @ $25.00 and ten (10) days @ $50.00 for a total of $625.00. (*See* Exhibit 13).

-**Container TMTZ 306336**–The defendant incurred in twenty two (22) days of demurrage, five (5) days @ $25.00 and seventeen (17)days @ $50.00 for a total of $975.00. (*See* Exhibit 13).

-**Container CMCZ 351130**–The defendant incurred in eleven (11) days of demurrage, five (5) days @ $25.00 and six (6) days @ $50.00 for a total of $425.00. (*See* Exhibit 14).

-**Container CMCZ 351370**–The defendant incurred in eleven (11) days of demurrage, five (5) days @ $25.00 and six (6) days @ $50.00 for a total of $425.00. (*See* Exhibit 14).

-**Container CMCZ 301200**–The defendant incurred in nine (9) days of demurrage, five(5) @ $25.00 and four (4) days @ $50.00 for a total of $325.00. (*See* Exhibit 15).

-**Container CMCZ 301080**–The defendant incurred in nine (9) days of demurrage, five (5) days @ $25.00 and four (4) days @ $50.00 for a total of $325.00. (*See* Exhibit 15).

-**Container CMCZ 300807**–The defendant incurred in nine (9) days of demurrage, five (5) days @ $25.00 and four (4) days @ $50.00 for a total of $325.00. (*See* Exhibit 15).

-**Container CMCZ 351086**–The defendant incurred in nine (9) days of demurrage, five (5) days @ $25.00 and four (4) days @ $50.00 for a total of $325.00. (*See* Exhibit 15).

-**Container CMCZ 301118**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 16).

-**Container CMCZ 300785**–The defendant incurred in three (3) days of demurrage @ $25.00 for a total of $75.00. (*See* Exhibit 16).

-**Container CMCZ 301138**–The defendant incurred in three (3) days of demurrage @ $25.00 for a total of $75.00. (*See* Exhibit 16).

-**Container CMCZ 300776**–The defendant incurred in five (5) days of demurrage @ $25.00 for a total of $125.00. (*See* Exhibit 17).

-**Container TMTZ 306351**–The defendant incurred in five (5) days of demurrage @ $25.00 for a total of $125.00. (*See* Exhibit 17).

-**Container CMCZ 300786**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 17).

-**Container TMTZ 306371**–The defendant incurred in four (4) days of demurrage @ $25.00 for a total of $100.00. (*See* Exhibit 17).

-**Container TMTZ 306375**–The defendant incurred in six (6) days of demurrage, five (5) @ $25.00 and one (1) day @ $50.00 for a total of $175.00. (*See* Exhibit 17).

-**Container CMCZ 300765**–The defendant incurred in eleven (11) days of demurrage, five (5) days @ $25.00 and six (6) days @ $50.00 for a total of $425.00. (*See* Exhibit 18).

-**Container RTMZ 301324**–The defendant incurred in eleven (11) days of demurrage, five days @ $25.00 and six (6) days @ $50.00 for a total of $425.00. (*See* Exhibit 18).

-**Container CCTZ 307120**–The defendant incurred in twelve (12) days of demurrage, five (5) days @ $25.00, five (5) days @ $50.00 and two (2) days @ $100.00 for a total of $575.00. (*See* Exhibit 18).

## C. The invoices claimed in the above-captioned case have not been time-barred by the applicable statute of limitations period.

The defendant alleges that the present action is barred by the doctrine of laches. Accordingly, the Court must apply the analogous statutory one year period of the Miller Act, 40 U.S.C. § 270 b(b), and not the eighteen (18) month limitations period of the Interstate Commerce Commission Termination Act of 1995 ("ICCTA"), 49 U.S.C.A. § 14705. The Court disagrees.

TAG invoked the jurisdiction of this Court pursuant to 28 U.S.C. § 1333, as an action on a bill of lading containing a maritime contract. Thus, this is an action in admiralty, pursuant to Fed. R.Civ. P. 9(h). For this reason, maritime law and the equitable doctrine of laches govern the time to sue. *Butler v. American Trawler Co. Inc.*, 887 F.2d 20, 22 (1st Cir.1989). When applying the doctrine of laches, the court examines whether plaintiff's delay in bringing suit was unreasonable and whether the defendant was prejudiced by the delay. *Puerto Rican–American Ins. Co. v. Benjamin Shipping*, 829 F.2d 281, 283 (1st Cir.1987).

On September 30, 1996, the Shipping Act was replaced by the ICCTA for the purpose of laches. The Court recognized that, unlike the Shipping Act, the ICCTA contains a limitations period of its own and that it prescribes a statute of limitations of eighteen (18) months for actions relating to transportation services. In *TAG/ICIB v. Pan American Grain Co., Inc.*, 215 F.3d 172, 176 (1st Cir.2000), the First Circuit explained that in maritime law, laches analysis utilizes as a benchmark the limitations period contained in the most analogous statute. *Id.* at 175. The ICCTA with its eighteen-month statute of limitations, is the most analogous statute in a freight and demurrage action. *Id.* at 176–177. That limitations period of the statute is not *per se* dispositive, but rather courts rely upon it to establish burdens of proof and presumptions of timeliness and untimeliness. *Id.* at 176. Therefore, pursuant to *Pan American Grain*, the most analogous statute here for purpose of the laches analysis is the eighteen-month limitation period imposed by the ICCTA.[3] The invoices claimed are, thus, not barred by the doctrine of laches because any delay in filing the complaint was not unreasonable and has not caused undue prejudice to the defendant. (*See* Docket 22 at p. 16).

The evidence shows that the defendant received notice of the amounts claimed immediately after each of the freight demurrage invoices were issued and continuously thereafter through TAG's

---

-Container CMCZ 301213–The defendant incurred in twenty (20) days of demurrage, five (5) days @ $25.00 and fifteen (15) days @ $50.00 for a total of $875.00. (*See* Exhibit 19).
-Container CMCZ 351210–The defendant incurred in six (6) days of demurrage, five (5) @ $25.00 and eight (8) days @ $50.00 for a total of $175.00. (*See* Exhibit 20).
-Container CMCZ 301288–The defendant incurred in thirteen (13) days of demurrage, five (5) days @ $25.00 and eight (8) days @ $50.00 for a total of $525.00. (*See* Exhibit 20).

-Container CMCZ 830815–The defendant incurred in one hundred thirteen (113) days of demurrage @ $50.00 for a total of $5,650.00. (*See* Exhibit 21).
-Container CMCZ 830815–The defendant incurred in fifty three (53) days of demurrage @ $50.00 for a total of $2,650.00. (*See* Exhibit 22).

3. It is important to emphasize that the consignee of the cargo is Celta and not Liberty. The only party responsible for the freight and demurrage charges pursuant to the Bill of Lading and the applicable tariffs is the defendant, Celta.

collection efforts. Also, defendant has failed to present evidence to the effect that its alleged surety has made any attempt to pay its obligation to Crowley.

For the reasons stated herein, the Court hereby **GRANTS** TAG's motion for summary judgment. (*See* Docket 22 at p. 17). Defendant is, thus, ordered to pay plaintiff the amount of $53, 165.54.

**SO ORDERED.**