Margarita SALAS, Plaintiff(s)

v.

NORTH JANITORIAL SERVICES, INC.; Puerto Rico Ports Authority; Ace Insurance Company; Y and Z Insurance Companies, John Doe, Mary Doe, Clark Doe and Maureen Doe, Defendant(s).

No. CIV. 04–1348(JAG).

United States District Court, D. Puerto Rico.

Feb. 24, 2005.

Glenn Carl James–Hernandez, James Law Offices, Guaynabo, PR, for Plaintiff.

Juan M. Martinez–Nevarez, Vicente & Cuebas, San Juan, PR, for Defendants.

## OPINION AND ORDER[1]

GARCIA–GREGORY, District Judge.

On April 21, 2004, Margarita Salas ("Salas") filed this action seeking damages against North Janitorial Services, Inc. ("North Janitorial"), its insurer Ace Insurance Company ("Ace") and the Puerto Rico Ports Authority (Docket No. 1). On June 7, 2004, North Janitorial and Ace moved for dismissal of plaintiff's complaint for failure to state a claim for which relief could be granted pursuant to Fed.R.Civ.P. 12(b)(6) (Docket Nos. 8, 9). On July 16, 2004, plaintiff opposed this motion (Docket Nos. 15, 16). On August 17, 2004, defendants filed a reply (Docket No. 21). For the reasons discussed below, the Court **GRANTS** defendants' motion to dismiss.

### Factual Background[2]

On May 26, 2002, plaintiff slipped and fell to the ground in a bathroom located at the Luis Muñoz Marin International Airport. As a result, plaintiff sustained injuries to her back and also suffered emotional and economic damages.

Plaintiff claims that the bathroom floor was slippery and wet at the moment of the accident. She further alleges that defendants failed to provide adequate maintenance to the area in which the accident occurred and that this negligence is the direct or proximate cause of plaintiff's injuries.

### Discussion

A. *Motion to Dismiss Standard:*

Pursuant to Fed.R.Civ.P. 12(b)(6), a complaint may not be dismissed unless it appears beyond doubt that plaintiff can

prove no set of facts in support of his claim which would entitle him to relief. *See Brown v. Hot, Sexy and Safer Prods., Inc.,* 68 F.3d 525, 530 (1st Cir.1995). The Court accepts all well-pleaded factual allegations as true, and draws all reasonable inferences in plaintiff's favor. *See Correa–Martinez v. Arrillaga–Belendez,* 903 F.2d 49, 51 (1st Cir.1990). The Court need not credit, however, "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like" when evaluating the Complaint's allegations. *Aulson v. Blanchard,* 83 F.3d 1, 3 (1st Cir.1996). When opposing a Rule 12(b)(6) motion, "a plaintiff cannot expect a trial court to do his homework for him." *McCoy v. Massachusetts Institute of Tech.,* 950 F.2d 13, 22 (1st Cir.1991). Plaintiffs are responsible for putting their best foot forward in an effort to present a legal theory that will support their claim. Id. at 23 (citing *Correa–Martinez,* 903 F.2d at 52). Plaintiffs must set forth "factual allegations, either direct or inferential, regarding each material element necessary to sustain recovery under actionable theory." *Gooley v. Mobil Oil Corp.,* 851 F.2d 513, 514 (1st Cir.1988).

B. *Ace and North Janitorial's Motion to Dismiss:*

In their motion, defendants argue that all of plaintiff's claims are time-barred under Puerto Rico's tort statute of limitations. *See* 31 P.R. Laws Ann. § 5298. Puerto Rico's Civil Code provides that civil liability actions arising from fault or negligence prescribe in one (1) year *from the moment the aggrieved person has knowledge of the injury. See Id* (emphasis added).

1. Jurisdiction in this case is predicated on diversity grounds being that plaintiff is a resident of Florida and defendants are all residents of Puerto Rico.

2. The relevant facts are taken from the complaint. (Docket No. 1).

The Supreme Court of Puerto Rico has stated that a plaintiff will be deemed to have "knowledge" of the injury, for purposes of the statute of limitation, when she has (1) "notice of the injury" and (2) "notice of the person who caused it." *See Colon Prieto v. Geigel,* 1984 WL 270950, 115 D.P.R. 232 (1984). *See also Torres v. E.I. Dupont De Nemours & Co.,* 219 F.3d 13, 18 (1st Cir.2000); *Hodge v. Parke Davis & Co.,* 833 F.2d 6, 7 (1st Cir.1987).

The key inquiry under the knowledge test is whether plaintiff had actual knowledge, or whether a person "with the degree of diligence required by law should have known who caused the injury". *See Hodge v. Parke Davis & Co., supra* at 8. When performing this inquiry, the Court measures plaintiff's subjective awareness of the injury against the level of awareness that the plaintiff, having been put on notice as to certain facts and having exercised reasonable care regarding a potential claim, should have acquired. *See Rodriguez–Suris v. Montesinos,* 123 F.3d 10, 14 (1st Cir.1997).

■ Once a person is made aware of facts sufficient to put him/her on notice that there is a potential tort claim, then he/she must pursue that claim with reasonable diligence, or risk losing the right to pursue it later, after the limitation period has run. *See Villarini–Garcia v. Hospital Del Maestro,* 8 F.3d 81, 85. A plaintiff may not rest on ignorance caused by his own lack of diligence as a justification for his failure to timely file an action unless fraud was involved to deprive the interested party of knowledge. *See Aldahonda–Rivera v. Parke Davis and Co.,* 882 F.2d 590 (1st Cir.1989).

■ In addition to the requirement of "notice of the injury", "notice of the person" who caused the injury is also required. *See Rodriguez-Suris, supra,* at 15. However, on the issue of knowledge of the author of the injury, the Court has stated that although Puerto Rican law requires knowledge of the "author" of, or the "person who caused," the injury, it does not suggest that a plaintiff must know "the exact name of the tortfeasor or the precise intracorporate relationships that determine the name of the appropriate defendant". *See Id.,* at 7–8. Once a plaintiff is put on notice that someone or some entity is caused the injury, the plaintiff may not succeed in an untimely claim without showing diligent efforts to discover the identity of such tortfeasor. *See Rodriguez–Suris v. Montesinos, supra,* at 16.

It is clear from the record that plaintiff's cause of action is barred by the applicable statute of limitations. Given that the plaintiff brought this action more than a year after the alleged injury took place, she bears the burden of proving that she lacked the required knowledge at all the relevant times and that she made diligent efforts to discover the cause and the author of the injury. *See Hodge v. Parke Davis & Co., supra* at 6–7.

■ It is uncontested that the accident that gave rise to this action occurred on May 26, 2002 (See Docket No. 1 at ¶ 9). Notwithstanding, plaintiff filed the complaint on April 21, 2004, almost two (2) years later. Plaintiff argues that she came to knowledge of the identities of the defendants on April 23, 2003, and therefore the statute of limitations should be tolled until said date (See Docket No. 1 at ¶ 10). This argument is without merit. Plaintiff became aware of the injury on the day the events took place. It was then that the duty of seeking both the cause and the author of her injury was triggered. Thus, plaintiff's failure to investigate the claim after had been alerted by the factual circumstances associated with her slip and fall do not justify her delay in filing the present claim.

With that said, we see no reason how plaintiff, by arguing lack of knowledge without evidence of diligent efforts to discover the author of her injury, has satisfied the burden of proving her lack of knowledge as a matter of law.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** defendants' motion to dismiss (Dockets No. 8 and 9).

IT IS SO ORDERED.