**AUTORIDAD de los PUERTOS de PUERTO RICO, Plaintiff,**

v.

**P.M.J. AUTOMOTORES S.E.; Jose M. Hernandez; John Burns; Compagnie Generale Maritime; Interline Connection, Inc., and Compañia de Seguros X, Y, Z, Defendants.**

**Civil No. 95–2063 (JAF).**

United States District Court,
D. Puerto Rico.

Feb. 15, 1996.

**116**

Mauricio Hernandez–Arroyo, Dapena Thompson Law Offices, Mercedita, P.R., for Plaintiff.

J. Ramon Rivera Morales, Jimenez, Graffam & Lausell, San Juan, P.R., for Defendants.

## MEMORANDUM OPINION AND ORDER

FUSTE, District Judge.

This case is before the court on defendants Compagnie Generale Maritime and Interline Connection, Inc.'s motion for summary judgment, alleging that there is no genuine controversy of facts impeding the application of a six-month statute of limitations barring plaintiff's action. The court finds that the action is time-barred and orders the dismissal of the complaint.

### I.

Plaintiff, the Puerto Rico Ports Authority (PRPA), operates the harbor, docking, and pier facilities at the port of San Juan, Puerto Rico. The complaint seeks the payment of demurrage charges, which in this case accrued on account of three-hundred and twenty-one automobiles being parked in a PRPA pier marshalling yard or transit area, awaiting eventual transportation upon Compagnie Generale Maritime (CGM) vessels. The CGM scheduled vessels eventually arrived and transported the cargo to St. Maarten, N.A., between December 1991 and February 26, 1992.

Jurisdiction is invoked under 28 U.S.C. § 1337. There is no dispute about the fact that PRPA has the right to impose demur-

rage charges for the use of its pier facilities. *See* Sections 5.05 and 5.10 of the Dock and Harbor Act, 23 L.P.R.A. §§ 2505 & 2510. The parties agree that federal jurisdiction exists because PRPA, as a dock and harbor operator, must file fee tariffs affecting interstate commerce with the Federal Maritime Commission, under the Shipping Act, 46 U.S.C. §§ 843 & 844. *See Maritime Service v. Sweet Brokerage De Puerto Rico*, 537 F.2d 560 (1st Cir.1976); *Capitol Transportation v. U.S.*, 612 F.2d 1312 (1st Cir.1979).[1]

### II.

The Puerto Rico Dock and Harbor Act, 23 L.P.R.A. § 2510, as it relates to section 2505, contains a provision establishing limitation of actions for pier demurrage fees similar to the six-month statute of limitations provided by the Commerce Code of Puerto Rico. Both govern time for suit in demurrage actions of the kind treated here. *See* Section 947 of the Commerce Code, 10 L.P.R.A. § 1909; *Mortensen & Lange v. San Juan Mercantile Corp.*, 119 D.P.R. 345, 351–56 (1987). The court notes, however, that the Federal Shipping Act, under which PRPA's dock and harbor tariffs are filed if affecting interstate commerce, does not contain a statute of limitations for Shipping Act causes of action, and courts must look to the analogous local state statute to determine whether an action is time-barred. *See generally Rodríguez Narvaez v. Nazario*, 895 F.2d 38, 41 (1st Cir. 1990). However, the Supreme Court of Puerto Rico has clearly ruled that the general local statute governing the filing of actions for demurrage assessed on account of pier use is Section 947 of the Puerto Rico Commerce Code, 10 L.P.R.A. § 1909. *Mortensen & Lange*, 119 D.P.R. at 351–56. Following Section 947 of the Civil Code, the Puerto Rico Dock and Harbor Act incorporates the

---

1. These cases stand for the proposition that tariff fees filed with the Federal Maritime Commission or the Interstate Commerce Commission affect interstate commerce and, thus, disputes about them are properly before federal courts under 28 U.S.C. § 1337. They are cited to support jurisdiction only. The cited cases, however, involve a different kind of demurrage charge, properly an extension of ocean freight charges, imposed for the use of trailer containers, which are a prolongation of ship's holds and relate to common

carriage by water. *See Gulf Puerto Rico Lines, Inc. v. Associated Food Co., Inc.*, 366 F.Supp. 631 (D.P.R.1973). The demurrage charges in issue here were accrued differently by the sellers-shippers allowing the three-hundred and twenty-one automobiles to overstay parked at the facilities beyond the regulated free time at PRPA's transit areas before the ships' arrival in Puerto Rico. The demurrage charges in this case were assessed by PRPA, as pier operator, not the maritime carrier.

same six-month statute of limitations for Section 5.05/5.10 cases. 23 L.P.R.A. §§ 2505 & 2510. In defining the pertinent statute of limitations, the Puerto Rico Supreme Court has made reference to Spanish law precedent and the text of a similar provision contained in Section 951 of the Spanish Commerce Code. *Mortensen & Lange*, 119 D.P.R. at 354; *see also* R. Gay de Montilla, *Código de Comercio Español* Vol. V at 506–07 (Editorial Bosch, Barcelona, 1948).

█ In the present case, the automobiles were taken to a PRPA facility by the shipper, also a codefendant, and were parked there for quite a long time, before the ships' scheduled arrival beginning in December 1991. The automobiles generated demurrage and the last lot of cars left Puerto Rico for St. Maarten on February 26, 1992. The complaint in this case was filed on February 22, 1995, about three years after the pier-side parking/storage in question. The time-for-suit provision was not extended or interrupted. As a matter of fact, such extension or interruption was not possible, inasmuch as the six-month statute of limitations is a caducity period ("prescripción extintiva") which admits no interruption. *Cf. Fireman's Insurance Co. of Newark v. Gulf Puerto Rico Lines, Inc.*, 349 F.Supp. 952, 957–58 (D.P.R. 1972); *Mortensen & Lange*, 119 D.P.R. at 351; R. Gay de Montilla, *Código de Comercio Español* Vol. V at 506–07 (Editorial Bosch, Barcelona, 1948); Joaquín Garrigues, *Curso de Derecho Mercantil* Vol. IV at 38–39 (Editorial Temis, Bogotá, 1979); José María Martínez Val, *Derecho Mercantil* at 447–50 (Editorial Bosch, Barcelona, 1979).

Although not material for caducity and Commercial Code considerations, this record confirms that there is no excuse for the delay in filing this action. Almost three years elapsed before the filing of the action in reference to a cause of action that is extinguished and is not enforceable after six months under local law.

### III.

The plaintiff does not rely on federal law in his quest for a more favorable time-for-suit provision. PRPA relies on the Civil Code fifteen-year suppletory statute of limitations, Section 1864, 31 L.P.R.A. § 5294.

First, this court makes it clear that our discussion of federal law and the absence of a federal time-for-suit provision does not imply that the doctrine of laches overrides the Dock and Harbor Act or the Commerce Code of Puerto Rico. Second, both Section 5.10 and Section 947 provide the principles governing this case on the time to bring suit. As the court made it clear in the footnote, this is not a case of intermodal ocean transportation generating ocean freight charges and ship's container demurrage incidental to ocean freight. While there is some authority that intermodal or container demurrage actions are governed by laches in reference to a three-year statute of limitations in the Interstate Commerce Act, *Puerto Rico Marine Management, Inc. v. El Verde Poultry*, 590 F.Supp. 1174, 1176 (D.P.R.1984), the present case is not within that category. Here, we are one step removed from ocean transportation. The pier demurrage accrued before CGM's ships arrived in San Juan and no container demurrage, as an extension of ocean freight charges, accrued when the cars were parked at a pier facility, awaiting transportation.

█ Lastly, without having to decide whether CGM and Interline are at all liable, as agents, for the charges in question as a matter of law, (compare this case with an ocean carrier discharging merchandise and incurring in pier demurrage after discharge and before delivery by not delivering cargo expeditiously) or whether the assessed charges are the responsibility of codefendants, the car dealers or sellers (*see* Complaint, ¶ 2), this court's limited ruling is that traditional pier demurrage assessed under the Dock and Harbor Act becomes time-barred by the lapse of six months under Section 947 of the Commerce Code of Puerto Rico, 10 L.P.R.A. § 1909, and under Sections 5.05 and 5.10 of the Dock and Harbor Act, 23 L.P.R.A. §§ 2505 & 2510. *Mortensen & Lange v. San Juan Mercantile*, 119 D.P.R. 345, 351, 356 (D.P.R.1987). This court declines plaintiff's invitation to have this case decided under the fifteen-year general statute of limitations contained in the Civil Code

of Puerto Rico. Section 1864, Civil Code, 31 L.P.R.A. § 5294; *Mortensen & Lange*, 119 D.P.R. at 350 & 359. The fifteen-year statute of limitations applies in both civil and commercial controversies only if there is no specific time-for-suit provision applicable under the law. Section 1864, Civil Code, 31 L.P.R.A. § 5294, and Section 12, Civil Code, 31 L.P.R.A. § 12 (Civil Code is supplemental law in cases where specific statutes are silent on matters where the Civil Code is obviously applicable in the absence of specific legislation, such as the Commerce Code or the Dock and Harbor Act.

## IV.

Judgment shall be entered dismissing the complaint filed against CGM and Interline. Plaintiff will show cause **within ten (10) days** as to why the case should not be dismissed on time-for-suit considerations as to the remaining codefendants, the auto dealers/sellers of the cargo.

This Memorandum Opinion and Order disposes of *Docket Document Nos. 5 & 9.*

**IT IS SO ORDERED.**