**PUERTO RICO MARINE MANAGEMENT INC., Plaintiff,**

v.

**EL VERDE POULTRY FARMS, INC., Defendant.**

**Civ. No. 82–2270 HL.**

United States District Court, D. Puerto Rico.

Aug. 20, 1984.

---

Segundo Garcia Caban, San Juan, P.R., for plaintiff.

Meyer Menis, Hato Rey, P.R., for defendant.

## OPINION AND ORDER

LAFFITTE, District Judge.

Present before this Court is a Motion for Summary Judgment by defendant El Verde Poultry Farms, Inc. (EL VERDE). Plaintiff Puerto Rico Marine Management, Inc. (PRMMI) has opposed this motion. For the reasons stated below, defendant's motion shall be granted.

1. The Act has recently been amended to provide a three-year statute of limitations for complaints filed with the Federal Maritime Commission.

### A. FACTS.

PRMMI as assignee of a common carrier instituted this suit on September 16, 1982, to collect freight and demurrage charges from EL VERDE as consignee of a shipment of goods under the Shipping and Intercoastal Shipping Acts, 46 U.S.C. § 815 and 46 U.S.C. § 844. EL VERDE argues that the claim is barred by the applicable statute of limitations, and/or by the doctrine of laches and/or by the doctrine of accord and satisfaction, and/or by estoppel. Because the Court finds that the claim is barred by the doctrine of laches, it needs not address the other arguments raised by EL VERDE.

EL VERDE submitted to this Court a statement of undisputed facts, which PRMMI has not controverted. From such statement, and from exhibits attached, it is apparent that the assignor of PRMMI (not a party herein) rendered freight services under bills of lading issued by it pursuant to provisions of tariff filed by such assignor with the Federal Maritime Commission under the Shipping and Intercoastal Shipping Acts (46 U.S.C. § 801 et seq.) The services were rendered from January 27, 1978 through April 14, 1978. EL VERDE was listed as consignee of the cargo. All bills of lading stated "Shipper's Load and Count-Consignee to Unload." The charges listed were paid by EL VERDE.

On or about August, 1982, six Supplement Freight Bills were issued, copies of which were attached to EL VERDE's motion. No administrative action for violation of any statute against EL VERDE is apparent from the record.

The Shipping and Intercoastal Shipping Acts, 46 U.S.C. § 801 et seq., and 46 U.S.C. § 843 et seq., do not set a specific statute of limitations for court action for the collection of freight.[1]

█ Collection of freight and demurrage is an action in Admiralty, *Maritime Service v. Sweet Brokerage De Puerto Rico,*

See, Shipping Act of 1984, 98 Stat. 67 (March 20, 1984.)

537 F.2d 560 (1st Cir.1976), and only the doctrine of laches applies to limit time for suit. *Public Adm'r. v. Angela Compañia Naviera, S.A.*, 592 F.2d 58, 63–64 (2d Cir. 1979).

To determine whether laches exist, three factors are usually considered: (1) the limitations period established by an analogous statute; (2) plaintiff's excuse for delay in suing; and (3) the prejudice to defendant resulting from the delay. *Public Adm'r. v. Angela Compañia Naviera, supra.* The final decision rests within the sound discretion of the Court.

### B. ANALOGOUS STATUTE.

EL VERDE argues that the proper analogous statute of limitations is in the Code of Commerce of Puerto Rico, 1932, Art. 947, 10 LPRA 1909, which provides that actions for collection of freight shall be done within six months. PRMMI argues that the analogous statute is the Interstate Commerce Act, 49 U.S.C. § 11706, which provides that a claim must be brought within three years.

The First Circuit has emphasized the similarity of purpose between the Shipping Act (46 U.S.C. § 801 et seq.) and the Interstate Commerce Act (49 U.S.C. § 1 et seq.). *Maritime Service, supra,* 537 F.2d at 562. Quoting the United States Supreme Court, Judge Campbell, in finding that the provisions of the Shipping Act were modeled on those of the Interstate Commerce Act, said "Congress intended that the two acts, each in its own filed, should have like interpretation, application, and effect." Id., quoting *United States Navigation Co. v. Cunard SS Co.*, 284 U.S. 474, 481, 52 S.Ct. 247, 249, 76 L.Ed. 408 (1932), as stated in *Inter-Island Steam Navigation Co. v. Territory Of Hawaii*, 305 U.S. 306, 311, no. 9, 59 S.Ct. 202, 204, no. 9, 83 L.Ed. 189 (1938). Judge Campbell compared the two acts while holding that an action for collection of freight exists "by plain implication" under the Shipping Act, as it does expressly

under the Interstate Commerce Act, 49 U.S.C. § 11706. *Maritime Service, supra,* 537 F.2d at 562.

In the same way, this Court finds that in determining whether plaintiff's claim is barred by laches, it will look to the Interstate Commerce Act, which provides a three-year statute of limitations.[2]

### C. REASON FOR DELAY.

Application of this longer limitation period does not resolve the issue of laches in this suit. This claim was brought more than three years after the freight charges were originally incurred. No reason has been given for the failure to collect *all* charges in 1978, when incurred. EL VERDE has not been held at fault for the assessment of different amounts in freight charges.

PRMMI argues that it has a *duty* under the Shipping Act to collect all charges listed in the tariff, and therefore not even laches should bar its recovery. This argument is without merit. It is unreasonable that a carrier should be able to collect partial tariffs, and then much later attempt to collect the remainder. Without giving any reason or excuse for such late collection, it is not impermissible to limit the time in which collection can be made.

### D. PREJUDICE TO DEFENDANT.

Furthermore, EL VERDE has stated that at this late date it would be impossible to allocate the freight charges to its consumers, as it usually does. Therefore, it would have to totally absorb the additional cost, whereas, if it had been timely demanded, EL VERDE could have passed it on by percentage to those buying the goods shipped, as is its usual procedure.

Therefore, given the fact that PRMMI instituted suit one year subsequent to the three-year analogous statute of limitations, and that it presents no ex-

---

**2.** Note also, the recent amendments to the Shipping Act, expressly providing the three-year stat- ute of limitation in administrative proceedings.

cuse for its delay, and that EL VERDE will be damaged by such delay, PRMMI's argument that *no* limitation period should prevent it from collecting freight is without merit. The Court finds that the plaintiff's action is time-barred.

WHEREFORE, defendant EL VERDE's motion for Summary Judgment is GRANTED, and the Clerk is instructed to enter judgment dismissing plaintiff PRMMI's complaint as time-barred.

IT IS SO ORDERED.