[NOT FOR PUBLICATION–NOT TO BE CITED AS PRECEDENT]

# United States Court of Appeals
## For the First Circuit

No. 00-1242

JAMES NOLLET; JAMES E. CARROLL; DAVID MERCHANT;
DONALD ROINE; RICHARD SCANLON; EARL H. SHOLLEY;
FATHERHOOD COALITION,

Plaintiffs, Appellants,

v.

JUSTICES OF THE TRIAL COURT OF THE
COMMONWEALTH OF MASSACHUSETTS,

Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Edward F. Harrington, U.S. District Judge]

Before

Torruella, Chief Judge,
Boudin and Lipez, Circuit Judges.

James Nollet, Earl Henry Sholley and James Carroll on brief pro se.
Thomas F. Reilly, Attorney General, Adam Simms and Robert L. Quinan, Jr., Assistant Attorneys General, on brief for appellees.

DECEMBER 7, 2000

**Per Curiam**.    Plaintiffs, James Nollet, James

Carroll, and Earl Sholley, appeal the district court's grant

of a motion to dismiss in favor of defendants.[1]  See Nollet

v. Justices of Trial Courts of Comm. of Mass., 83 F. Supp.

2d 204 (D. Mass. 2000).  We review, de novo, the grant of a

motion to dismiss.    See Tag/ICIB Serv., Inc., v. Pan

American Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000).

Upon review of the parties' briefs and the record on appeal,

we affirm.

The plaintiffs' equal protection claim was properly

dismissed because it sought injunctive relief barred by §

1983, as amended by the Federal Courts Improvement Act of

1996, Pub. L. No. 104-317, Title III, § 309(c), 110 Stat.

3853.  See Nollet v. Justices of Trial Courts of Com. of

Mass., 83 F. Supp. 2d at 210.  As for the plaintiffs' due

process claim, we disagree with the district court's

assertion that an action taken by a state judge in his

adjudicatory role does not constitute state action.  See

---

[1]In view of our disposition, we need not decide whether a pro se may represent The Fatherhood Coalition/CPF, which alleges that it is "a voluntary association representing the interests of the fathers in domestic relations matters."  The motion for leave to represent this association filed by non-lawyer John M. Flaherty is therefore denied as moot.

Nollet v. Justices of Trial Courts of Comm. of Mass., 83 F. Supp. 2d at 211. A judge acting in his adjudicatory capacity *is* a state actor acting under color of state law, although he may be immune from liability under § 1983. See Dennis v. Sparks, 449 U.S. 24, 28 n.5 (1980). We agree, however, with the district court's ultimate conclusion in this case that the § 1983 due process claim is not actionable against a state judge acting purely in his adjudicative capacity because he is not a proper party in a § 1983 action challenging the constitutionality of a state statute. See In re Justices of Supreme Court of Puerto Rico, 695 F.2d 17 (1st Cir. 1982). Finally, we find that plaintiffs have waived argument on their Second Amendment claim. See United States v. Zannino, 895 F.2d 1, 17 (1st Cir.) (reciting that "issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"), cert. denied, 494 U.S. 1082 (1990).

Affirmed.