Richard CRAIG, Plaintiff

v.

MAINE SCHOOL ADMINISTRATIVE DISTRICT #5 and Anne E. Demers, Superintendent of M.S.A.D. #5, Defendants

No. CIV. 04–238–P–C.

United States District Court, D. Maine.

Dec. 28, 2004.

Peter L. Thompson, Law Office of Peter L. Thompson, Portland, ME, for Plaintiff.

Melissa A. Hewey, Drummond, Woodsum & MacMahon, Portland, ME, for Defendants.

## ORDER GRANTING DEFENDANT MAINE SCHOOL ADMINISTRATIVE DISTRICT # 5's MOTION TO DISMISS

GENE CARTER, Senior District Judge.

Now before the Court is Defendant Maine School Administrative District # 5's (the "District") Motion to Dismiss (Docket Item No. 4). For the reasons set forth below, the Court will grant Defendant's Motion.

## I. APPLICABLE LAW

The District's Motion to Dismiss invokes Fed.R.Civ.P. 12(b)(6). The District is entitled to dismissal for failure to state a claim only if "it appears to a certainty that the plaintiff would be unable to recover under any set of facts." *State St. Bank & Trust Co. v. Denman Tire Corp.*, 240 F.3d 83, 87 (1st Cir.2001). The Court must "accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, sets forth facts sufficient to justify recovery on any cognizable theory." *TAG/ICIB Servs. v. Pan Am. Grain Co.*, 215 F.3d 172, 175 (1st Cir.2000).

## II. FACTUAL BACKGROUND

Following his employment termination, Plaintiff initiated this action against the District and its superintendent, Anne E. Demers, pursuant to 42 U.S.C. § 1983. Plaintiff had been employed as the District's food service director. Complaint ¶ 5. In September 2004, Plaintiff attended a school board policy committee meeting. *Id.* ¶ 7. Plaintiff attended this meeting not in his official capacity, but instead as a concerned citizen. *Id.* In response to questions from the policy committee, Plaintiff discussed his concerns with the District's proposed new food service plan. *Id.* Following the meeting, Superintendent Demers sent Plaintiff a letter informing him that she elected to terminate his employment. *Id.* ¶ 8. This decision was made as a result of Plaintiff's comments during the policy committee meeting. *Id.* Plaintiff subsequently requested that the district school board review Demers' decision to terminate him. *Id.* ¶ 9. The school board refused to do so, indicating that Demers had the sole authority to terminate Plaintiff's employment. *Id.*

## III. DISCUSSION

The District's Motion to Dismiss requires this Court to determine whether Plaintiff's Complaint states a cognizable claim against the District. "[A] plaintiff seeking to impose liability on a municipality under § 1983 must identify a municipal policy or a custom that caused the plaintiff's injury.... The disputed policy or custom must also be the cause and moving force behind the deprivation of constitutional rights." *Silva v. Worden,* 130 F.3d 26, 30–31 (1st Cir.1997) (internal citations and punctuation omitted). This requirement is meant "to distinguish acts of the municipality from acts of employees of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible." *Pembaur v. Cincinnati,* 475 U.S. 469, 479, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). The Supreme Court has recognized that in certain circumstances, a municipality may be held liable for single instances of conduct perpetrated by government policymakers. *See id.* at 480–81, 484–85, 106 S.Ct. 1292. To hold a municipality liable pursuant to a single act of conduct, the decision must result "from the decisions of its duly constituted legislative body or [from the decisions] of those officials whose acts may fairly be said to be those of the municipality." *Bd. of the County Comm'rs v. Brown,* 520 U.S. 397, 403–04, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997); *Pembaur,* 475 U.S. at 481, 106 S.Ct. 1292 ("the decisionmaker [must] possess[ ] final authority to establish munici-pal policy with respect to the action ordered.").

In this case, Plaintiff does not allege that an express policy or a widespread practice equivalent to a custom caused his claimed constitutional injury. Plaintiff only alleges that Defendant Demers terminated him for his comments at the policy committee meeting and that the school board refused to review her decision. Accordingly, the Court's inquiry is limited to whether Superintendent Demers qualifies as a "policymaker" and whether the school board ratified her decision.[1]

### A. Superintendent's Functions Under Maine Law

 Whether a person is an authorized policymaker for purposes of assigning municipal liability is a question of state law. *See Jett v. Dallas Indep. Sch. Dist.,* 491 U.S. 701, 737, 109 S.Ct. 2702, 105 L.Ed.2d 598 (1989). Under Maine law, a superintendent does not have policymaking authority, but instead carries out administrative duties as directed by the school board. 20–A M.R.S.A. § 1055 (2004). In contrast, Title 20–A of the Maine Statutes was recently amended to clarify the authority of school boards to "adopt policies that govern school administrative units." *Id.* § 1001(1–A). Plaintiff's contention that the "broad powers of the superintendent seem to encompass the authority to develop and implement employment policies," Plaintiff's Opposition at 3, is thus unavailing. This Court has previously ad-

---

1. Although placed on notice of potential deficiencies in his Complaint, Plaintiff has not elected to file an amended complaint pursuant to Fed.R.Civ.P. 15(a), addressing the issues of a municipal policy, either express or implicit, or that Demers was in fact delegated official policymaking authority. Instead, Plaintiff has asserted in his Opposition to Defendant's Motion to Dismiss (Docket Item No. 6) that "[a]s part of the superintendent's pow-

er to supervise and evaluate employees she must also have the power to develop policies that guide her supervision and evaluation of employees." Plaintiff's Opposition at 3. Because a motion to dismiss focuses on allegations in the complaint, such bald assertions contained only in Plaintiff's Opposition cannot overcome the fact that Plaintiff's Complaint is wholly deficient in making the necessary allegations to state a claim under § 1983.

dressed the distinction between discretionary authority and policymaking authority and reached a similar conclusion. "The mere fact that an officer had discretionary and final authority to make the decision in question does not necessarily mean that he was a 'policymaker' with respect to that decision." *Krennerich v. Inhabitants of Bristol*, 943 F.Supp. 1345, 1356 (D.Me. 1996); *see also Kujawski v. Bd. of Comm'rs of Bartholomew County*, 183 F.3d 734, 739 (7th Cir.1999) ("the mere unreviewed discretion to make hiring and firing decisions does not amount to policymaking authority."). Because under Maine law, a school superintendent does not have the authority to develop and implement employment policies, Plaintiff does not state a claim on this theory.[2]

### B. Ratification of Demers' Decision

■ Finding that Demers made a discretionary decision to terminate Plaintiff's employment, the Court next considers whether the school board ratified this decision. Plaintiff's Complaint only alleges that Plaintiff "asked the school board to review Demers' decision to terminate him. The school board refused to review Demers' decision. The Chairman said that Demers had sole authority to terminate Craig." Complaint ¶ 9. Plaintiff makes no allegations regarding ratification.

■ It is well established that liability cannot be imposed upon a municipality on a *respondeat superior* basis under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Although a municipality may be subject to liability in instances where it ratifies the conduct of an employee without policymaking authority, a showing of ratification requires that the "authorized policymakers approve a subordinate's decision

and the basis for it ...." *St. Louis v. Praprotnik*, 485 U.S. 112, 127, 108 S.Ct. 915, 99 L.Ed.2d 107 (1988). Plaintiff cannot maintain a claim based solely upon the school board's refusal to review Demers' decision to terminate his employment—he must show actual ratification.

Although the First Circuit has not specifically discussed the requirements to establish ratification, other courts have cautioned against allowing a *respondeat superior* claim disguised as ratification.

> It is important to recognize that the ratification theory, in whatever context it arises, is necessarily cabined in several ways. *Praprotnik* itself recognized that policymakers who simply go along with a subordinate's decision do not thereby vest final policymaking authority in the subordinate, nor does a mere failure to investigate the basis of a subordinate's discretionary decisions amount to such a delegation. Such limitations on municipal liability are necessary to prevent the ratification theory from becoming a theory of *respondeat superior*, which theory *Monell* does not countenance.

*Milam v. City of San Antonio*, 113 Fed. Appx. 622, 626–27 (5th Cir.2004) (internal citations and punctuation omitted). *See also Praprotnik*, 485 U.S. at 130, 108 S.Ct. 915 ("[i]f the mere exercise of discretion by an employee could give rise to a constitutional violation, the result would be indistinguishable from *respondeat superior* liability."); *Gillette v. Delmore*, 979 F.2d 1342, 1348 (9th Cir.1992) ("[t]o hold cities liable under section 1983 whenever policymakers fail to overrule the unconstitutional discretionary acts of subordinates would simply smuggle *respondeat superior* liability into section 1983 law ...."). In the

---

**2.** Plaintiff does not allege, nor does the Court find, any suggestion that the District specifically delegated its policymaking functions to Superintendent Demers.

instant case, Plaintiff has not alleged that the school board ratified Demers' decision, nor has he provided the Court with any basis on which to infer ratification.[3] Accordingly, Plaintiff does not state a claim against the District based on municipal ratification.

## IV. CONCLUSION

Plaintiff's Complaint fails to allege the existence of an express policy or a municipal custom that is responsible for the deprivation of a constitutionally protected right. Furthermore, Plaintiff's Complaint fails to allege that Superintendent Demers had policymaking authority, and even if such an allegation was made, Plaintiff would be unable to prevail on such a theory under Maine law. Finally, Plaintiff's Complaint fails to allege and fails to provide any supporting facts that the District ratified Demers' decision to terminate Plaintiff and the basis upon which the decision was grounded. Accordingly, it is ORDERED that Defendant District's Motion to Dismiss be, and it is hereby, GRANTED. Remaining for trial is Plaintiff's claim against Defendant Demers in her individual capacity only.[4]

---

3. The Fifth Circuit, in *Milam*, provided the following example, which is directly applicable to the case at bar: ("if a school board—a policymaker under *Monell*—approves a superintendent's decision to transfer an outspoken teacher, knowing of the superintendent's retaliatory motive for doing so, the governmental entity itself may be liable; but if the school board lacks such awareness of the basis for the decision, it has not ratified the illegality and so the district itself is not liable."). *Milam*, 113 Fed.Appx. at 626. In the instant case, Plaintiff's claim falls into the latter scenario.

4. *See Powell v. Alexander*, 391 F.3d 1 (1st Cir.2004).