**In re Bob DESMOND, Debtor.**

**Robert Wolfe Associates, P.C., Plaintiff,**

v.

**Bob Desmond, ASR Acquisition Corp., and Alfred Ross, Defendants.**

**Bankruptcy No. 03–13878–MWV.**

**Adversary No. 04–1112–MWV.**

United States Bankruptcy Court, D. New Hampshire.

Aug. 12, 2005.

See also 331 B.R. 42, 2005 WL 2218310.

---

Richard N. Gottlieb, Esq., Law Offices of Richard N. Gottlieb, Edmond J. Ford, Esq., Ford & Weaver, P.A., for Plaintiff.

William B. Pribis, Esq., Cleveland, Waters, & Bass, P.A., for Defendant ASR Acquisition Corp.

## MEMORANDUM OPINION

MARK W. VAUGHN, Chief Judge.

The Court has before it a motion filed by Defendant ASR Acqusition Corp. ("ASR") seeking to dismiss the above-captioned adversary proceeding commenced by Robert Wolfe Associates, P.C. (the "Plaintiff"). ASR filed a memorandum in support of its motion. The Plaintiff filed its opposition to ASR's motion in open court at the hearing held on December 2, 2004. After hearing both parties' arguments, the Court took this matter under advisement. For the reasons set out below, ASR's motion to dismiss is granted in part and denied in part.

### JURISDICTION

This Court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. §§ 1334 and 157(a) and the "Standing Order of Referral of Title 11 Proceedings to the United States Bankruptcy Court for the District of New Hampshire," dated January 18, 1994 (DiClerico, C.J.). This is a core proceeding in accordance with 28 U.S.C. § 157(b).

## BACKGROUND

Bob Desmond (the "Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code with this Court on November 13, 2003. The Plaintiff is a law firm that provided legal services to the Debtor prepetition, and it obtained a judgment against the Debtor at Suffolk County Superior Court on September 14, 2001, in the amount of $145,986, plus interest and costs. On June 14, 2002, the Plaintiff obtained an attachment on the estate of the Debtor located at 11 Laurel Road, Brookline, Massachusetts ("Laurel Property"), to secure the judgment.

ASR is a Massachusetts corporation engaged in the business of lending and investing money. Between September 1989 and June 2001, ASR lent the Debtor and his business in excess of $6,000,000. The Debtor repaid part of the obligations, including payments made between October 31, 2001, and February 26, 2004, totaling approximately $1,700,000. The parties dispute the amount of the outstanding balance due. On January 29, 2004, ASR filed a proof of claim in the amount of $3,173,851.40. (Claim No. 6).

On or about June 23, 2002, the Debtor promised to grant the Plaintiff a second mortgage on the Debtor's farm in Strawberry Hill ("Strawberry Farm") if the Plaintiff would discharge his attachment on the Laurel Property. The Plaintiff argues that the Debtor and ASR represented to it that the attachment jeopardized the pending sale of the Laurel Property and that ASR was owed $1,650,000 by the Debtor before the receipt of the sale proceeds. The Debtor and ASR deny that they made such representations. The Debtor also represented to the Plaintiff that the first mortgage on the Strawberry Farm was held by ASR, and the value of ASR's mortgage would be reduced to $1,000,000 when ASR received its share of the sale proceeds from the Laurel Property. The Plaintiff agreed to the substitution of collateral, and it discharged its attachment on the Laurel Property on June 27, 2002. But, thereafter, the Debtor refused to grant the Plaintiff a note and mortgage on the Strawberry Farm. Alleging that it was defrauded by the representations made by the Debtor and ASR, the Plaintiff brought an adversary proceeding in this Court on May 25, 2004.

## DISCUSSION

The Plaintiff's complaint contains four counts, all of which ASR seeks to dismiss in its motion. In ruling on a motion to dismiss under Rule 12(b)(6), which is made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7012(b), the Court "must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine if the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998); *see also Alternative Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir.2001); *TAG/ICIB Serv., Inc. v. Pan American Grain Co.*, 215 F.3d 172, 175 (1st Cir.2000).

The Court will first address the issue of Count II, Re-characterization. Count II alleges that the loans of ASR should be re-characterized as an equity interest in the assets of the Debtor. ASR argues that the loans which it advanced to the Debtor may not be re-characterized as equity because one cannot have an ownership interest in an individual. The Plaintiff concedes that Count II seeking re-characterization should be dismissed. Accordingly, Count II is dismissed.

Count I alleges that the actions of ASR were inequitable and resulted in injury to

the Plaintiff and the general unsecured creditors of the Debtor, thus, the claim of ASR should be equitably subordinated to the claim of the Plaintiff. ASR contends that equitable subordination is typically applied to "insiders," but the Plaintiff fails to set forth any allegations establishing ASR's insider status. The Plaintiff also fails to allege any facts to show that ASR exerted complete control over the Debtor. Furthermore, the Plaintiff has not pled any specific facts alleging ASR's misrepresentations other than ASR's alleged misrepresentation to the Plaintiff of the amounts the Debtor owed ASR.

■ While most cases addressing equitable subordination under § 510(c)[1] involve either technical insiders within the meaning of § 101, including persons in control or fiduciaries of the debtor, equitable subordination of unrelated third-party claims is contemplated by the courts. Lawrence P. King et. al., *Collier on Bankruptcy* ¶ 510.05[4] (15th rev. ed. 2003). If the creditor is not an insider, then fraud or misrepresentations are the most frequent justifications for equitable subordination. *Capitol Bank & Trust Co. v. 604 Columbus Ave. Realty Trust (In re 604 Columbus Ave. Realty Trust )*, 968 F.2d 1332, 1361 (1st Cir. 1992).

■ The Court agrees with ASR that the Plaintiff has not pled the facts necessary to establish the "insider" status of ASR. However, the Court finds that the Plaintiff's complaint sufficiently alleges ASR's misconduct as a non-insider creditor. As reviewed above, the Plaintiff alleges that ASR and the Debtor both represented to the Plaintiff that ASR was owed $1,650,000 by the Debtor before the receipt of proceeds from the sale of the Laurel Property and that this representa-

tion was false. (2nd Amended Compl. ¶ 14.) The Plaintiff also claims that it discharged the attachment on the Laurel Property in reliance of the Defendants' representation. *Id.* at ¶¶ 14–16. Therefore, if the Court accepts the allegations of the complaint as true, and draws all reasonable inference therefrom in the Plaintiff's favor, the Plaintiff's complaint contains facts sufficient to justify its recovery based on ASR's fraud and/or misrepresentation.

■ Count III asserts that the claims of ASR are unenforceable within the meaning of § 502(b)(1) due to lack of consideration. It also alleges that the claims of ASR are fraudulent and in violation of state and federal law. ASR argues that this count should be dismissed since its claims are fully supported by consideration. The Court does not agree with ASR. Section 502(b)(1) requires disallowance of a claim to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured." The legislative history of § 502(b)(1) indicates that disallowance is required if the claim is unenforceable as against the debtor for any reason such as usury, unconscionability or the failure of consideration. *H.R. Rep.* No. 95–595, 95th Cong., 1st Sess. 352 (1977); *S. Rep.* No. 95–989, 95th Cong., 2d Sess. 62 (1978). The Plaintiff's complaint extensively detailed both the repayment of the ASR loans and the monies paid to ASR. If the Plaintiff's allegation is true that ASR is repaid in excess of any monies owed, then there is no longer consideration for the claims. Also, throughout the complaint, the Plaintiff provides details of ASR's conduct, which the Plaintiff believes is fraudulent. Accordingly,

1. Unless otherwise noted, all statutory section references herein are to the Bankruptcy Reform Act of 1978, as amended, 11 U.S.C. §§ 101, *et seq.*

ASR's request to dismiss Count III is denied.

■ Finally, Count IV alleges that ASR has been unjustly enriched and overpaid by the Debtor by more than $2,000,000. ASR argues that the Plaintiff lacks standing to pursue its claim for restitution since the Debtor in this case had already brought an adversary proceeding against ASR, *Bob Desmond v. ASR Acquisition Corp.*, Adv. No. 04–1107–MWV, making similar allegations against ASR. ASR's request to dismiss this count is not timely. On July 1, 2004, prior to ASR's filing of this motion, this Court granted leave to the Plaintiff to recover property for the benefit of the estate of the Debtor consistent with § 503(b)(3) and (b)(4) upon the Plaintiff's motion to amend its complaint. (Ct.Doc. 15.) ASR has not timely sought to reconsider the order. Thus, the Court denies ASR's request to dismiss Count IV.

### CONCLUSION

For the reasons outlined above, the Court grants ASR's motion to dismiss Count II of the Plaintiff's complaint and denies ASR's request to dismiss Counts I, III and IV. This opinion constitutes the Court's findings and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 7052. The Court will issue a separate order consistent with this opinion.

**In re Bob DESMOND, Debtor.**

**No. BK 03–13878–MWV.**

United States Bankruptcy Court,
D. New Hampshire.

Aug. 26, 2005.

See also 331 B.R. 38, 2005 WL 2218281.