**Not for Publication in West's Federal Reporter**

# United States Court of Appeals
## For the First Circuit

No. 09-1049

JOHN PALERMO; JULIE PALERMO,

Plaintiffs, Appellants,

v.

TOWN OF NORTH READING,

Defendant, Appellee.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

[Hon. Rya W. Zobel, U.S. District Judge]

Before

Boudin, Stahl, and Lipez, Circuit Judges.

Mark J. Favaloro, with whom Favaloro & Associates was on brief, for appellants.
Judy A. Levenson, with whom Deidre Brennan Regan and Brody, Hardoon, Perkins & Kesten, LLP, were on brief, for appellee.

April 9, 2010

**STAHL**, **Circuit Judge**.  Plaintiffs-appellants John and Judy Palermo ("the Palermos") brought an amended complaint against the Town of North Reading ("the Town") alleging an unconstitutional taking of property and violation of their civil rights as protected by 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act.  The district court dismissed the complaint in its entirety for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  The Palermos only appeal the dismissal of their federal civil rights claim brought pursuant to § 1983.  After careful consideration we affirm.

In 1987, the Palermos purchased three lots of land in North Reading, Massachusetts, and thereafter, in 1997, sought a building permit for those lots.  The Town's building inspector denied the permit, requiring that construction of the street upon which the lots were located be completed first.  The Palermos alleged that from 1997 to 2005, the Town allowed other property owners to develop similar lots on unaccepted streets[1] while denying them the same ability.  In 2004, the Palermos petitioned the Town's Community Planning Commission to build out the adjacent street as an unaccepted street.  The Town's Planner denied that request, indicating that "a complete subdivision plan would be necessary." The Palermos alleged that this treatment was contrary to the

_____

[1]An unaccepted street is a public right of way that has not been built to municipal standards.

treatment received by other property owners in the Town. In 2005, the Palermos learned that the Town's Board of Selectman had voted to take their land by eminent domain and that they would be given a pro tanto award of $15,250, an amount that the Palermos believed was significantly lower than the market value of the land.

The Palermos filed suit in state court seeking, among other things, just compensation for the Town's eminent domain taking pursuant to Massachusetts General Law ch. 79. The Town removed the action to federal court and the parties subsequently filed a joint motion to stay the federal action and allow the Palermos to pursue their state law eminent domain claim in state court. In the state court proceeding, the Town filed a pretrial motion stating that it expected its appraiser to testify that the Palermos' property was either unbuildable or effectively unbuildable due to significant regulatory and physical hurdles that would have to be overcome in order to obtain a building permit on the property. However, at trial, the appraiser testified that the property was buildable and that the market value was $140,000. The jury returned a verdict in favor of the Palermos for $184,000.

Following the favorable state jury verdict, the Palermos returned to federal court and filed a motion to reopen their federal action. The district court was uncertain as to what, if anything, remained of the case following the jury verdict, and ordered the Palermos to file an amended complaint. The Palermos'

amended complaint asserted two counts against the Town: (1) violation of the Fifth Amendment of the U.S. Constitution and Articles X and XII of the Massachusetts Constitution due to an unconstitutional taking of the Palermos' property; and (2) "bad faith" by the Town, which allegedly violated the Palermos' civil rights as protected by 42 U.S.C. § 1983 and the Massachusetts Civil Rights Act. Count Two's "bad faith" charge was based on the Town's denial of the building permit and its offer of a "de minimis" pro tanto award in spite of the appraiser's significantly higher valuation.

Count Two did not state which of the Palermos' civil rights the Town was alleged to have violated. In addition, Count Two only referred to acts committed by agents and employees of the Town, rather than acts committed by the Town itself. Finally, Count Two contained no allegation that the alleged civil rights violations were the result of a policy, practice, or custom of the Town.

In response to the amended complaint, the Town filed a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). As to the federal civil rights claim in Count Two, which is the only part of the amended complaint before us on appeal, the Town urged the district court to dismiss on the ground that municipal liability for civil rights claims can only rest on actions committed by the municipality itself, not on

-4-

respondeat superior or vicarious liability for acts committed by employees of the Town. See Monell v. Dep't of Soc. Servs. of New York, 436 U.S. 658, 694-95 (1978). Agreeing with the Town that the Palermos had only alleged wrong-doing by "the individuals who denied the requisite permits to develop the site and who ignored the appraiser's opinion to offer a wholly inadequate award," rather than wrong-doing by the Town itself, the district court dismissed Count Two in its entirety.[2]

On appeal to this court, the Palermos argue that the motion to dismiss as to Count Two's federal civil rights claim was improperly granted because the Town was the "moving force" behind a "policy, practice, or custom" of "tak[ing] certain property of

---

[2]The district court put forth a second ground for dismissal of Count Two, that the Palermos failed to identify the constitutional right(s) that they alleged were violated by the Town. "[T]he complaint is unclear, at best, as to which of their constitutional rights were violated and what specific conduct of the Town deprived plaintiffs of those rights." Palermo v. Town of North Reading, No. 05-11782-RWZ (D. Mass. Nov. 14, 2008) (order granting motion to dismiss).

In addition, though not relevant to this appeal, we note that the district court dismissed Count One because, "To the extent the plaintiffs continue to complain about the inadequate pro tanto award, their procedural due process rights have been fully vindicated by the jury trial in which they were heard and the jury clearly heard them." Id. The district court also noted that "[I]t is difficult . . . to discern the basis for the claim that the taking was unconstitutional and second, to reconcile that claim with plaintiffs' acceptance of the award." Id. The Palermos did not appeal from the dismissal of Count One.

its inhabitants by eminent domain through the use of an unlawful process."[3]

Having conducted a de novo review, TAG/ICIB Servs., Inc. v. Pan Am. Grain Co., Inc., 215 F.3d 172, 175 (1st Cir. 2000), we reject the Palermos' arguments on appeal. The district court was correct to conclude that where municipal civil rights liability under § 1983 is premised solely on the actions of municipal employees or representatives, as was the case in the Palermos' amended complaint, liability does not attach. See Monell, 436 U.S. at 694 ("We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents.").

While it true, as the Palermos argue on appeal, that municipal liability can attach where "execution of a government's policy or custom . . . inflicts the injury," id.; see also Jett v. Dallas Indep. Sch. Dist., 491 U.S. 701, 737 (1989), the Palermos never made such a Monell claim until their appeal to this court. The Palermos did not mention the Town's policy, practice, or custom in their amended complaint, opposition to defendant's motion to dismiss, or anywhere else.[4] "It is a bedrock rule that when a

---

[3]The Palermos also argue, in response to the district court's second ground for granting the motion to dismiss on the civil rights claim, that the constitutional right violated by the Town was the right to substantive due process.

[4]Indeed, the amended complaint is premised on the notion that the Palermos were treated differently than other property owners in

-6-

party has not presented an argument to the district court, she may not unveil it in the court of appeals."  United States v. Slade, 980 F.2d 27, 30 (1st Cir. 1992).  We decline the Palermos' request to read their amended complaint so as to discover a claim that they simply did not make.[5]

We therefore **affirm** the district court's dismissal of the Palermos' federal civil rights claim against the Town.

_____

the Town, rather than the same as many other property owners as part of the Town's policy, practice, or custom.  The Palermos asserted at oral argument that Paragraph 26 of the amended complaint raised a sufficient Monell claim for purposes of a motion to dismiss.  That paragraph alleged that "the actions, decisions, and policies" of the Town "deprived the Plaintiffs of all economically beneficial use of the Premises."  Under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), this allegation is not nearly sufficient to support a Monell claim because the complaint as a whole contained no factual assertions whatsoever regarding Town policy.  See Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'") (quoting Twombly, 550 U.S. at 570).  As noted above, the factual premise of the amended complaint was that the Palermos had been treated differently from other property owners, not similarly in accordance with Town policy.

[5]In addition, the Palermos make a brief argument that the federal constitutional injury they suffered was the violation of their right to substantive due process.  This alleged injury was not included in their amended complaint and we will not consider it here for the first time.  Slade, 980 F.2d at 30.  We agree with the district court that the Palermos failed to specify the constitutional right upon which their § 1983 claim was premised.

-7-